Walter C. MARSH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 3–1076A244.

Court of Appeals of Indiana,
Third District.

April 11, 1979.

Rehearing Denied May 14, 1979.

James K. Whitaker, Hammond, for appellant.

Theo. L. Sendak, Atty. Gen., Elmer Lloyd Whitmer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Walter C. Marsh was charged by indictment with first-degree murder in the shooting of his father-in-law and assault and battery with intent to kill his wife. The two cases were consolidated for trial and defendant filed a special plea of not guilty by reason of insanity to both charges. After a jury trial, defendant was found guilty of voluntary manslaughter in the shooting of his father-in-law and not guilty by reason of insanity of assault and battery with intent to kill his wife. Defendant was sentenced for a period of not less than two nor more that twenty-one years plus costs of the prosecution.

The determinative issue on this appeal is whether the trial court erred in failing to admonish the jury when requested by defense counsel after an allegedly prejudicial question was propounded by the prosecutor. Since the judgment must be reversed on this issue, it is unnecessary to address the other allegations of error raised by the defendant.

Defendant asserts the trial court committed reversible error when it denied his request that the jury be instructed that he had never interposed insanity as a defense in a prior criminal proceeding. During cross-examination of the defendant, the prosecutor asked, "Mr. Marsh, isn't it a fact that the only time you have sought psychiatric counseling or have used insanity as a defense are the two times criminal charges were brought against you, once in December of 1975 and another time in February of 1972, isn't that a fact, sir?" Before the witness could respond, defense counsel objected on the grounds that the question was prejudicial. When his motion for a mistrial was denied, counsel then requested the court to instruct the jury that the defense of insanity had not been pleaded with regard to the prior criminal charge. After a bench conference, the prosecutor withdrew the question. However, the trial court failed to admonish the jury upon the defendant's request.

It is argued that the question prejudiced the defendant because it suggested to the jury that Marsh resorted to insanity defenses whenever he was confronted with criminal responsibility. The State, on the other hand, contends that the question was proper impeachment of the defendant's insanity defense. Further the State maintains that withdrawing the question cured any alleged error.

In *Waller v. U. S.* (8th Cir., 1910) 179 F. 810, it was held proper for the prosecution to show on cross-examination of the accused that at his first trial he feigned insanity in the presence of the jury as tending to affect his credibility because of the fraud and as tending to evince a consciousness of guilt.

Although *Waller* lends support to the State's position that the prosecutor's ques-

tion in the case at bar was proper impeachment, the *Waller* court was not called upon to resolve the additional issue whether the prosecution must be prepared to support its allegations of fabricated insanity pleas. In the instant case, the record discloses that the defendant had not interposed an insanity defense with respect to a 1972 charge of drawing a weapon on a police officer.[1] Furthermore, the 1975 "charge" was not a criminal charge at all, but rather referred to civil commitment proceedings instituted by defendant's wife against him.

■ Where counsel elects to attack the credibility of a witness on cross-examination through questions designed to impeach on collateral matters, he impliedly represents to the court that he is prepared to dispute a denial. In order to ask such questions, the attorney must have a reasonable basis for believing that the answer will be relevant, that is, impeaching. Without information upon which to form a reasonable belief that the witness's response will be impeaching, reasonable basis for asking a question which is intended to degrade the witness does not exist. Indeed, if the attorney has no reasonable basis to believe the question is relevant to the case and the question degrades the witness, asking it violates Disciplinary Rule DR 7–106(C)(2) of the Code of Professional Responsibility. *See also*: Ethical Consideration, EC 7–25.

■ In the case at bar, the prosecutor did not have a reasonable basis to ask the impeaching question because he did not possess any information that would reasonably lead him to believe that the defendant had interposed an insanity defense in a prior criminal proceeding. Nor was there any indication in the record that the defendant had opened the door on the subject so as to provide the prosecutor with a reasonable basis. Accordingly, the question cannot be sanctioned as a proper impeachment tactic.

1. In a sworn affidavit made a part of the record, defense counsel averred that he had represented the defendant on the charge of drawing a weapon on a police officer and that no insanity plea was ever entered. The charge was later dismissed.

In holding that an attorney had provided adequate representation for the accused, the Supreme Court in *Lowe v. State* (1973), 260 Ind. 610, 298 N.E.2d 421 opined:

"An attorney should not contrive a cross-examination based on fictitious assumptions when to do so would only confuse the fact finder and impede the search for truth. In fact, to do otherwise would be to violate his oath as an officer of the court." 298 N.E.2d at 423.

The rationale stated therein must be regarded as applicable to the instant case.

■ While the prosecuting attorney has an obligation to present the State's strongest case, he is not licensed to use unethical or inflammatory tactics. As an officer of the court, he has a duty to see that justice is administered in conformity with recognized principles of law. He must carefully avoid improprieties tending to prejudice any constitutional right of the accused.

■ Since Marsh's defense was predicated on insanity, the prejudice to his case is apparent. Although the prosecutor subsequently withdrew the question, that act alone could not rectify the misleading impression on the jury that the defendant had previously fabricated insanity defenses for the purpose of escaping criminal responsibility for his actions.

■ Nonetheless, merely asking the question does not mandate a mistrial if the trial judge promptly intervenes to cure the prejudicial impact when requested by counsel.[2] However, the trial judge failed to instruct the jury pursuant to defense counsel's request. In the absence of an admonishment, it must be presumed that the prejudice to the defendant did not abate in the minds of reasonable jurors.

2. In *Stacks v. State* (1978), Ind.App., 372 N.E.2d 1201, the trial court denied defendant's motion for a mistrial where a witness referred to his psychiatric examination of the defendant in prior cases. The trial court's action was upheld on the grounds that admonishing the jury was sufficient to overcome any prejudice.

The existence of prosecutorial misconduct does not necessitate reversal unless the misconduct places the defendant "in a position of grave peril." *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. Even if error occurred by not granting a motion for a mistrial or by not admonishing the jury, the error will be harmless if there is overwhelming evidence of guilt. *Biggerstaff v. State* (1977), Ind., 361 N.E.2d 895; *Phelps v. State* (1977), Ind., 360 N.E.2d 191.

In the instant case, the testimony regarding defendant's sanity at the time he committed the crimes was substantially in conflict. Since the evidence of defendant's sanity was not overwhelming, the failure to admonish the jury constituted reversible error. *See: Adler v. State* (1961), 242 Ind. 9, 175 N.E.2d 358 where it was held reversible error for the trial court to deny defendant's motion for an admonishment due to prejudicial remarks uttered by the prosecutor during final argument.

Judgment reversed with instructions to sustain defendant's motion for a new trial.

Reversed.

GARRARD, P. J., and STATON, J., concur.