Willie E. DRAKE, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S95.

Supreme Court of Indiana.

Dec. 12, 1979.

Jerome E. Levendoski, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant was found guilty of robbery, a class A felony and was sentenced to thirty years imprisonment. This direct appeal presents the following issues:

(1) Was the victim's identification of the defendant improperly admitted into evidence?

(2) Did the court err in sustaining the State's motion in limine to preclude apprising the jury of the sentence provided by statute for the crime charged?

(3) Did the court err in failing to admonish the jury to disregard certain testimony improperly admitted?

(4) Was the verdict sustained by sufficient evidence?

### ISSUE I

▇ The defendant's motion to suppress evidence of a police line-up identification of the defendant by the robbery victim was overruled, following a hearing upon such motion, two months prior to the trial. At the trial, no objection was interposed either to the witness' in-trial identification of the defendant as the person who robbed him or to evidence of the line-up identification. Accordingly, the issue is not properly subject to review. *Stowers v. State,* (1977) 266 Ind. 403, 363 N.E.2d 978; *Pointon v. State,* (1978) 267 Ind. 624, 372 N.E.2d 1159. We have, nevertheless, reviewed the record upon this issue, and we find no substantial likelihood that the defendant was misidentified. It is the defendant's contention that he had been marked for identification by improper police conduct. Four days after the robbery, the witness viewed a photographic display which contained the defendant's photograph. He made no identification on that occasion but did hesitate and ponder the defendant's photograph, saying that it resembled one of his assailants but that he would have to see him in person to be sure. One week later, while going to an

identification line-up, the police officer told him that the photograph which had raised a question in his mind was of the defendant, naming him, and that he was a suspect in another armed robbery. When the line-up was presented, the witness identified the defendant without equivocation and said that he was not personally acquainted with him but had seen him around the community on numerous occasions during the last two years.

Other than for the officer's advisement to the witness that the defendant was a suspect in another robbery, we see nothing improper in the line-up procedure. Since the witness reacted as he did to viewing the defendant's photograph, it was entirely reasonable to pursue the matter further by a line-up.

That the victim had been unable to identify his assailant, prior to the photographic display at line-up, notwithstanding that he had seen him around the community from time to time prior to the robbery, was a matter for the jury to consider in assessing the credibility of the identification.

### ISSUE II

▇ Immediately prior to commencement of the trial, and in response to the State's motion in limine, the court issued a protective order prohibiting disclosure to the jury of the penalty provided by statute either for the offense charged or for any lesser included offenses. The defendant contends that this order violated his right to have the jury determine the law and the facts under Indiana Constitution Article I, § 19.

We have recently determined that inasmuch as the jury is not, under Ind. Code § 35–50–1–1 (Burns Supp. 1978), charged with the responsibility of assessing the penalty upon a verdict of guilty, it would be improper for it to be instructed concerning potential sentences. "Such an advisement can only invite the jurors to be influenced by their independent judgment of the fairness of the statute—a matter dehors their task—in making their determination." *Garcia v. State,* (1979) Ind., 394 N.E.2d 106 at 111.

In *Beavers v. State*, (1957) 236 Ind. 549, 141 N.E.2d 118, we held that although our Constitution grants to juries the right to determine the law, it is to do so under the guidance of the trial judge, and in so doing, it may not disregard the law. Hence, the jury's right to determine the law is not without limitation.

We agree with defense counsel's statement that the penalty provided by an offense is a part of the law. Nevertheless, if the jury cannot alter the penalty provided, and clearly it cannot, no valid purpose could be served by its disclosure. Whether or not the jury approves of the penalty provided has no bearing upon the defendant's guilt or innocence; and that is the issue the jury has taken an oath to determine, according to the law and the evidence.

## ISSUE III

■ There was evidence submitted in the State's case in chief from which it could be inferred that the defendant was the owner of a particular automobile that had been used by the robbers to flee from the scene of the crime. The defendant submitted evidence that the vehicle had been repossessed from him on March 8, 1978, and the police notified of such—apparently for the purpose of creating a doubt as to whether or not the vehicle was in his possession on March 17th when the crime was committed. To counter such evidence, the prosecutor attempted to examine the police officer concerning his knowledge of such repossession, and the following colloquy took place:

"Q. Do your records show—has the Fort Wayne Police Department ever repossessed this automobile?

"A. Yes, sir.

"Q. Was it released back to the Defendant?

"A. Repossessed no. We've towed it in.

"Q. Towed it in?

"A. Yes, sir.

"Q. Several times?

"Mr. Levendoski: Your Honor, I'm going to object. I don't see what relevancy the automobile being towed in has to the pending charge. I think—

"Q. Well, I'm just going to ask him who was it released back to then?

"A. In each and every case, it has been towed in four times, and in each and every case it was—

"Mr. Levendoski: Your Honor, I object and ask that it be stricken from the record and the jury be instructed to disregard it.

"Mr. Notestine: Okay.

"Court: Well, you didn't have any objection to allowing him to ask additional questions so the question is a question of relevance, and we have no established dates or anything else. So I will sustain the objection at this point.

"Mr. Levendoski: Is the objection overruled, your Honor?

"Court: As to striking?

"Mr. Levendoski: Pardon?

"Court: As to striking, the objection is sustained.

"Mr. Levendoski: The objection is sustained? Could I have that admonishment to the jury to disregard it?

"Mr. Notestine: Oh, I have no more questions then.

"Court: Well, what is it you want them to disregard?

"Mr. Levendoski: Well, your Honor as to any—it's totally irrelevant to the charge pending at hand as to any other reason why this—

"Court: All right, the jury has heard me rule that—

"Mr. Levendoski: It has nothing to do, and I ask that it be stricken from the record and request the Court to admonish the jury to disregard that particular statement.

"Court: The objection was sustained. You gave your grounds. Now the jury is certainly capable of understanding what that is.

"Mr. Levendoski: I'm just asking for the admonishment, your Honor.

"Court: I leave it to the jury. They are certainly capable of understanding what I am saying.

Defendant contends that the failure of the court to admonish the jury more specifically was reversible error, citing *Marsh v. State*, (1979) Ind.App., (68 Ind.Dec. 512), 387 N.E.2d 1346.

We agree with the trial judge's indication that it was difficult to understand just what counsel wanted the jury to disregard. Also, we see little similarity in the issue before us and that of the *Marsh* case. In *Marsh*, the improper question which was not answered, was pregnant with an insinuation that went to the very heart of the defense. The questions and answers addressed herein, although they may have been irrelevant, had no potential for prejudice. We do not agree that they left the inference that the defendant had been arrested on previous occasions.

Additionally, there had been no objection interposed to the questions. A party may not, by failing to object, await a responsive answer to an improper question and then have it stricken and the jury admonished, because it is not to his liking. *Reid v. State*, (1978) Ind., 372 N.E.2d 1149; *Emerson v. State*, (1974) 261 Ind. 436, 305 N.E.2d 435; *Carman v. State*, (1979) Ind., 396 N.E.2d 344.

### ISSUE IV

The defendant's assignment that the verdict was not sustained by the evidence presupposed that his in-court identification had been improperly admitted. This issue having been resolved to the contrary, such assignment is without foundation.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.