**Gerald GRAVES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1178S268.**

Supreme Court of Indiana.

Feb. 14, 1980.

Richard D. Gilroy, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with first degree murder pursuant to Ind. Code § 35–13–4–1 (Burns Code Edition) repealed effective October 1, 1977. He was found guilty of second degree murder in the shooting death of one Charles Riley following a trial in Marion Criminal Court, Division One, and sentenced to fifteen to twenty-five years. Permission was granted for the filing of a belated motion to correct errors and this appeal follows the overruling of the belated motion to correct errors. Appellant raises four issues:

(1) Sufficiency of the evidence that appellant fired the fatal shot and did so with the intention to kill.

(2) Failure of the trial court to sustain an objection to a question posed by the prosecutor.

(3) Admissibility of three photographs of the victim.

(4) Admissibility of a spent bullet and two shell casings.

(1)

The evidence tending to support the verdict of guilty may be summarized. The State's witness Williams testified that on the afternoon of September 15, 1975, he was present in the hallway of the Shalimar Club near the corner of 22nd Street and Central Avenue in Indianapolis when he overheard appellant Graves say that he was going to stick Riley up for some stuff and money. State's witnesses Calvins and Huston testified that at about midnight on the 15th they were driving north on New Jersey Street near the corner of 22nd and Central when they observed appellant and Riley standing on the right hand side of the street adjacent to a vacant lot arguing. As they passed by the two men, two shots rang out and Riley fell into the street. Appellant ran off a short distance then returned and bent over Riley searching his pockets. He was then seen holding something in his hand. Appellant then ran across the street, stopped behind a car which was parked under a street light, and peered out at Calvins and Huston who had stopped their car when the shots were fired and backed up to give aid to the fallen Riley. Calvins and Huston got a good view of appellant as he peered out from behind the car under the street light. Appellant then ran from the scene. A police officer, having also heard the shots, arrived on the scene moments later. Two spent .32 caliber cartridges and a slug were found in the vicinity of the wounded Riley. He died of a gunshot wound to the back of the head.

The State's witness Williams testified further that he had seen appellant and Riley together near the corner two hours be-

fore the shooting, that appellant carried a pistol all the time, and that three or four days after the shooting appellant told him that he had shot Riley but that it had been an accident.

■ Appellant complains that the evidence is insufficient to sustain a verdict of guilty of second degree murder. As a reviewing court we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ The crime of second degree murder was defined as follows:

"Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree . . . ." Ind. Code § 35–1–54–1.

Appellant complains that there was insufficient evidence that he fired the fatal shot or that the fatal shot was fired intentionally. There was no direct testimony that appellant fired a gun at the shooting site or that he was seen with gun in hand at the time. However, the state did present circumstantial evidence tending to prove the elements of the crime as charged, and such evidence can warrant an inference of guilt beyond a reasonable doubt. *Bruce v. State*, (1978) Ind., 375 N.E.2d 1042. Testimony presented established to a high degree of probability that the weapon used in the shooting was a handgun, a .32 caliber weapon, and that appellant was armed with a handgun at the time and was arguing with the victim adjacent to a vacant lot when the fatal shot was fired. No person other than appellant was observed on the street at the time. Two spent .32 caliber cartridges were found on the ground in close proximity to the body and two shots were heard immediately be-

fore the victim fell to the ground. The fact that two shots were fired rather than one would support the inference that the shooting was intentional rather than accidental. Immediately thereafter appellant ran off a short distance, but then in an evident awareness that he himself was not in danger of being shot, returned to the side of the wounded man and rifled his pockets, indicating a desire to acquire that which the man had. Appellant then left the area in a hurried manner. This behavior is subject to interpretation as flight in avoidance and indicative of guilty knowledge. The testimony as a whole is indicative of more than a mere presence at the crime scene or opportunity to do the crime often found insufficient to warrant conviction. *Glover v. State, supra; McGill v. State*, (1969) 252 Ind. 293, 247 N.E.2d 514; *Cotton v. State*, (1965) 247 Ind. 56, 211 N.E.2d 158, 212 N.E.2d 159. From this circumstantial evidence a rational trier of fact could infer and conclude to the requisite degree of certainty that appellant fired the fatal shot and did so with the conscious objective of killing or seriously wounding Charles Riley.

(2)

■ During direct examination by the trial prosecutor the witness Williams testified that appellant had admitted killing Riley, but the witness added in apparent surprise to the prosecutor that appellant had also stated that the killing had been an accident. Thereupon the following occurred:

"Q. How come you didn't tell Sergeant Ohrberg that he thought it was an accident?

A. I did tell him that.

Q. Not according to your statement.

Mr. Alsip: Judge, this is the prosecutor's witness, I don't think he ought to be allowed to confuse him.

The Court: Is that an objection?

Mr. Alsip: That is an objection, yes.

The Court: It will be overruled."

Here the trial court was called upon to deal with the specific objection posed. *Howard*

*v. State*, (1921) 191 Ind. 232, 131 N.E. 403; *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. The particular basis for the objection was that the prosecutor's statement would confuse the witness and presumably thereby render him uncertain about his recollection of prior events. The record clearly shows that after the court's ruling was made the witness Williams went on to state unequivocally time and again that he had always affirmed in conversations with the police that appellant had said his shooting of Riley had been an accident. He also firmly asserted that written records of his prior statements which did not reveal this were simply not accurate. Thus the prosecutor's statement did not result in any confusion in the mind of the witness, the harm which the objection sought to avoid, and therefore any error in the ruling upon the objection was harmless.

(3)

■ State's exhibits numbered 8, 9, and 12 consisted of three photographs of the naked corpse of Charles Riley at the morgue in its natural state. Number 9 shows the wound to the back of the head where the fatal bullet entered. Number 8 and number 12 show the wound beneath the chin where the bullet exited. Appellant's objection to the introduction of these photographs was overruled. In *Brandon v. State*, (1978) Ind., 374 N.E.2d 504, this Court held with regard to the admission of allegedly gruesome and inflammatory photographs that:

"Without a clear showing of prejudicial imbalance between relevance on the one hand and the tendency to appeal to passion and prejudice on the other, the trial court's determination will not be disturbed." 374 N.E.2d at 507.

These photographs were relevant as aiding in proof of the identity of the victim, the fact of death, the cause of death, the distance from which the fatal shot had been fired, the intent with which the shot was fired, and the fact that the slug did not lodge in the body but passed through it. The tendency of the photographs on the other hand to inflame the passions of the jury to the detriment of the accused was minimal for such photographs as the body had not yet been subjected to any alterations by an autopsy and was not posed in any manner which would create an inordinate or gratuitous sympathy for the victim. There was no prejudicial imbalance between the relevance of the photographs and their tendency to appeal to passion and prejudice. Their admission over the objection made was not error.

(4)

■ State's exhibits 5, 6 and 7 consisted of a spent .32 caliber slug and two spent .32 caliber shell casings found in the street near the body of Charles Riley. Appellant's objection on relevancy grounds was overruled. Appellant points to the following colloquy regarding the exhibits as indicative of the absence of any link between the exhibits and the crime or the accused.

"Q. You don't have any knowledge of where their things came from or whether they are even connected with this case, do you?

A. No sir."

This isolated question and answer does not have the effect contended for by appellant. The witness did know and testify that the exhibits came from the location where the body of Riley was found and where there had just been a shooting. Two shots had been reported and appellant was then present under the circumstances summarized above. The cause of death was determined to be a bullet passing through the head.

"Relevancy . . . is the tendency of the evidence to establish a material proposition." McCormick, Evidence, § 185.

In *Magley v. State, supra*, we said:

"The fact that a piece of evidence makes an inference slightly more probable suffices to show its relevance." 263 Ind. at 641, 335 N.E.2d at 825.

The exhibits were therefore relevant as forming a link in the chain of circumstantial evidence tending to establish the material proposition that appellant fired his

handgun striking Charles Riley, and supporting the inference that he did so consciously and deliberately. There was no error in admitting these exhibits over the objection made.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.