James M. REYNOLDS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 880S344.

Supreme Court of Indiana.

Sept. 26, 1980.

Ray Warren Robison, Bedford, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James M. Reynolds, was convicted by a jury of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.) and sentenced to fourteen years' imprisonment. He now presents two issues for review:

1. Whether the trial court erred in permitting a witness to testify as to a confession made by defendant when such confession was not disclosed pursuant to a discovery order; and

2. Whether there is sufficient evidence to support the jury verdict.

The evidence most favorable to the state reveals that on the morning of September 10, 1979, defendant and Richard Keller drove a blue Oldsmobile to the residence of Mr. and Mrs. Lowell Southern and visited defendant's wife who was babysitting for the Southerns' daughter who lived in a trailer located at the back of their property. The defendant and Keller left but returned shortly thereafter. Upon finding defendant's wife not there, they went to the back door of the Southern residence and asked Mrs. Southern, who was alone at the time, where she had gone. Mrs. Southern did not know but took them back to the trailer and let them in for the avowed purpose of looking for some papers. Defendant and his companion stated that they did not find what they wanted and left again. Mrs. Southern then drove to her sister–in–law's house for lunch and returned about an hour and a half later.

Meanwhile, during Mrs. Southern's absence, John Breedlove, an insurance agent, visited the Southern residence and noticed a blue Oldsmobile parked in the driveway. Defendant and Keller approached him from the back door of the house and informed him that nobody was home. Breedlove then left. When Mr. Southern returned home from work that evening, he discovered that four jars of coins were missing from his bedroom. He remembered seeing them last that same morning before he went to work. Defendant and Keller were later arrested and charged with the burglary.

I.

Defendant asserts that the trial court erred in allowing Lowell Southern to testify that defendant confessed to him that he entered the home and stole the jars of coins. He contends that this evidence was inadmissible because the state failed to disclose the admission of guilt as required by a pretrial discovery order.

Defendant made no objection to Mr. Southern's testimony, and we must therefore deem the issue waived. In order for error to be preserved for review, a timely and adequate objection must be raised at trial. *Gee v. State*, (1979) Ind., 389 N.E.2d 303; *Faust v. State*, (1977) 266 Ind. 640, 366 N.E.2d 175. Moreover, the record discloses that defense counsel *was* made aware, prior to trial, that defendant had made a confession to Mr. Southern and that the state had substantially complied with the discovery order.

II.

The rule is well established that in reviewing the sufficiency of the evidence, we will not weigh the evidence nor resolve questions of credibility but will look only to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that defendant was guilty beyond a reasonable doubt. *Hicks v. State*, (1980) Ind., 401 N.E.2d 702; *Graves v. State*, (1980) Ind., 400 N.E.2d 139.

Defendant claims that the evidence does no more than show an opportunity on his part to commit the crime. However, in addition to testimony placing defendant at the scene, Richard Keller, the accomplice, testified that he and defendant burglarized the Southern residence and took the jars of coins. We have often held that a defendant may be convicted on the uncorroborated testimony of an accomplice. *Roseberry v. State*, (1980) Ind., 402 N.E.2d 1248; *Tessely v. State*, (1978) 267 Ind. 445, 370 N.E.2d 907. Defendant's argument

concerning Keller's interest in testifying against him invites us to judge the credibility of the witness, and this we cannot do. Furthermore, there was defendant's admission of guilt to Lowell Southern. There is sufficient evidence to support the conviction.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.