**Grenda Ray HARMER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 682S244.

Supreme Court of Indiana.

Nov. 23, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Grenda Ray Harmer, was convicted by a jury of escape, a Class D felony, Ind.Code § 35–44–3–5 (Burns 1979) and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns Supp.1983); he was sentenced to the Indiana Department of Correction for a period of thirty-two years. He raises the following five issues in this direct appeal:

1. Whether there was sufficient evidence to support the jury's verdict on the habitual offender count;

2. Whether the trial court erred in refusing to strike the allegedly prejudicial testimony of one of the state's witnesses;

3. Whether the trial court erred in admitting some of the state's exhibits;

4. Whether the habitual offender statute is constitutional;

5. Whether the trial court erred in denying defendant's motion to dismiss the habitual offender count.

A brief summary of the facts from the record shows that defendant escaped from the Indiana State Farm on March 11, 1979, and an information charging him with the crime of escape was filed the next day. However, defendant was not immediately apprehended and was not brought to trial on that charge until February 2, 1982. About a month prior to trial on January 6, 1982, the state filed an information charging defendant with being an habitual offender and alleging two prior felony convictions of first-degree burglary on March 8, 1972, and robbery on January 18, 1979. The state amended the habitual offender charge on January 11, 1982, with two additional prior felony convictions of threatening to take the life of the President of the United States on July 20, 1973, and criminal sexual conduct on March 31, 1980. Defendant was found guilty on both counts at the instant trial, but has specifically instructed his attorney not to present any argument concerning the conviction for escape. He has therefore waived any possible error on that conviction.

## I.

Defendant first contends that there was insufficient evidence to support his conviction on the habitual offender count. He bases this contention on the fact that one of the prior felonies alleged by the state on the amended habitual offender count was committed in May of 1979, which was two months after the date of the principal charged offense of escape. Defendant correctly points out that this Court has clearly held that in order to sustain a conviction under our habitual offender statute, the state must show that a defendant has been previously twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was *subsequent* to his having been sentenced upon the second conviction. *Wells v. State,* (1982) Ind., 437 N.E.2d 1333; *Graham v. State,* (1982) Ind., 435 N.E.2d 560. We have reversed cases in which the state was allowed to improperly amend an habitual offender count, over the defendant's objection, with a felony conviction obtained *after* the commission of the principal charged offense. *Wells v. State,* 437 N.E.2d at 1335; *Miller v. State,* (1981) Ind., 417 N.E.2d 339. Defendant argues that his case must also be reversed following this precedent. We disagree.

▉ In this case, there was no objection to the amended habitual offender count, concerning the addition of the 1980 felony conviction, so no trial court error on this action has been preserved. The only possible error which is available for our review in this case is whether there was sufficient evidence to support the verdict on the habitual offender count. Our standard of review on this issue, as on a review of any sufficiency issue, is that this Court will consider only that evidence most favorable to the state, along with all logical and reasonable inferences which may be drawn therefrom. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Wofford v. State,* (1979)

271 Ind. 518, 394 N.E.2d 100. We have also consistently held that proof of a third felony conviction is surplusage under the requirements of the habitual offender statute. *Collins v. State,* (1981) Ind., 415 N.E.2d 46; *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Jessup v. State,* (1971) 256 Ind. 409, 269 N.E.2d 374.

▉ In the instant case, the state submitted court docket sheets and certified copies of prison records which properly authenticated defendant's prior felonies. It is clear that the 1972 burglary and the 1973 threat on the life of the President are prior unrelated felonies which support the habitual offender count. Defendant argues that the January 1979 robbery is not an "unrelated" prior felony since he was serving the prison term for this crime when he escaped. He has not presented any authority to support this contention, however. We find that the act of escape was a separate and unrelated act from any of the acts which constituted the offense of robbery. The robbery conviction is therefore a prior unrelated felony which is available to support the habitual offender count. Although one of the prior felonies proved by the state was improperly submitted, there was sufficient evidence of three prior, unrelated felonies to support the jury's verdict on the habitual offender count and there was no error here.

## II.

▉ Defendant next contends that the trial court erred in refusing to strike testimony given by the state's witness, Vickie Stonebraker. Stonebraker was an Allen County police officer who was testifying during the habitual offender portion of the trial about the time defendant spent in the Allen County jail. She testified that she remembered defendant and that he had been there several months. The prosecuting attorney asked Stonebraker why she remembered defendant so well and she answered that certain incidences had occurred in which defendant was involved. The prosecutor then asked Stonebraker to be more specific and she testified that defendant had exposed himself to her. Defendant

1142

objected that this answer was irrelevant and highly prejudicial, and moved that it be struck. The court overruled the objection and noted that it was not timely made and should have been made when the question was asked.

We agree with the trial court that defendant had ample opportunity here to object to the question that led to the complained of answer and that therefore the objection to the answer was not timely made. We have consistently held that a party may not, by failing to object, await a responsive answer to an improper question and then have it stricken and the jury admonished because it is not to his liking. *Drake v. State,* (1979) 272 Ind. 302, 397 N.E.2d 600; *Reid v. State,* (1978) 267 Ind. 555, 372 N.E.2d 1149; *Emerson v. State,* (1974) 261 Ind. 436, 305 N.E.2d 435.

### III.

■ Defendant next alleges that some of the state's exhibits were not properly authenticated and were therefore improperly admitted. We do not deal with his allegations of error concerning the documents from the criminal sexual conduct conviction in Tennessee since we have held above that this crime was subsequent to the principal charged offense and cannot be considered to support the habitual offender conviction.

Defendant also alleges that the commitment orders from the prior burglary and robbery convictions were not properly authenticated as they were signed by the keeper of records of the Indiana State Farm and not by the clerks of the two courts. He argues that only the clerks of the respective courts would be the proper officers with legal custody of the commitment records. We find no merit in this argument. First, both commitment orders *were* signed by the court clerks at the time they were originally entered. Second, the keeper of records at the Indiana State Farm is the person with legal custody of all records kept by that institution.

We have consistently held that certified copies of prison records including commitment orders are properly admissible as pub-

lic records and may be used to establish the fact of a defendant's prior felony convictions. *Underhill v. State,* (1981) Ind., 428 N.E.2d 759; *Anderson v. State,* (1981) 426 N.E.2d 674; *Brown v. State,* (1979) 270 Ind. 399, 385 N.E.2d 1148. The record shows that the documents here were duly certified by the appropriate prison officials and were properly admitted.

### IV.

■ Defendant next alleges that the habitual offender statute is unconstitutional as applied in his case because two of the prior felony convictions were not within the jurisdiction of Indiana courts. We find no merit to this contention since it has been clearly settled that foreign convictions are admissible in habitual offender proceedings. *Collins v. State,* (1981) Ind., 415 N.E.2d 46; *Kelley v. State,* (1933) 204 Ind. 612, 185 N.E. 453.

### V.

■ Defendant finally contends that the trial court erred in denying his motion to dismiss the habitual offender count. He argues that since the information charging him with the habitual offender count was filed over two and one-half years after the principal charge of escape was filed, and since it was filed only one week prior to the scheduled January 13, 1982 date of his trial on the principal charge, it was an act of prosecutorial vindictiveness which denied him due process of law and must therefore be dismissed. The law is well settled contrary to defendant's position.

We have consistently upheld the right of the state to amend by adding an habitual offender count. *Howard v. State,* (1978) 268 Ind. 589, 377 N.E.2d 628. An information may be amended at any time before, during, or after trial so long as it does not prejudice the substantial rights of the defendant. *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70, 73.

■ In this case, defendant was not even in custody during most of the two and one-half years after his escape. The prosecuting attorneys submitted affidavits stating that the reason for filing the habitual

offender count in this case was a consideration of the criminal activity of the defendant after he had escaped from the State Farm and that no vindictiveness was involved in the decision. They further stated that the reason for the delay was the time involved in correspondence with officials in Tennessee but that defendant was aware they were considering filing the habitual offender count several months prior to the scheduled trial date. Defendant was granted a continuance after the habitual offender count was filed and the trial did not begin until February 2, 1982. Since the habitual offender statute does not impose punishment for a separate crime but provides a more severe penalty for the crime charged, and since defendant was given adequate time to prepare a defense, the amendment to add the habitual offender count and the further amendment adding two additional prior felony convictions to this count did not prejudice the substantial rights of the defendant. We find no evidence of prosecutorial vindictiveness and no error here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.