**Troy CARTER, a/k/a Archie White, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1083S355.

Supreme Court of Indiana.

July 2, 1985.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Judge.

Following a bifurcated trial by jury, Defendant (Appellant) was convicted of bur-glary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1984 Cum.Supp.), robbery, a class C felony, Ind.Code § 35–42–5–1 (Burns 1984 Cum.Supp.), and was determined to be an habitual offender, see Ind. Code § 35–50–2–8 (Burns 1984 Cum.Supp.). The trial judge sentenced him to enhanced terms of twenty (20) years and eight (8) years imprisonment on the burglary and robbery convictions respectively, to be served consecutively, and to a separate 30–year term upon the habitual offender finding.

In this direct appeal Defendant challenges the sufficiency of the evidence upon the habitual offender finding.

Count III of the information, which charged that defendant was a habitual offender, alleged that three prior, unrelated felony convictions of one Archie White, Jr., all in the State of Oklahoma, were convictions of Defendant under an alias. The State alleged (1) a 1974 conviction for grand larceny, (2) a 1975 conviction for robbery by force, and (3) a 1981 conviction for burglary. To establish these prior convictions, the State presented records from the Oklahoma trial courts and Oklahoma Department of Corrections, and then presented expert testimony that the fingerprints of Archie White, Jr. taken in Oklahoma matched those of Defendant. Defendant presents various arguments challenging the admission of these records during the habitual offender hearing. We address these arguments by reviewing the State's evidence of the prior felonies individually.

### I. 1974 CONVICTION

To establish Defendant's 1974 conviction of grand larceny, the State presented a certified copy of the original records maintained by the Oklahoma Department of Corrections of the judgment and sentence following the guilty plea of one Archie White, Jr., then demonstrated that the fingerprints from the Oklahoma prison records matched those of Defendant. Defendant argues that this evidence of the 1974 conviction is not sufficient because the copies of the records were not certified

by the clerk of the trial court, and for the further reason that the record does not include a certified copy of the charging instrument.

Defendant correctly argues that Ind. Code § 34–1–18–7 (Burns Code Ed., 1973) allows the admission, in courts of this State, of copies of records from courts in other jurisdictions if they are certified by the clerk of the court and the clerk's authority is attested by a judge of the court. However, this is not the exclusive method to establish prior felony convictions in a habitual offender proceeding. This Court has recognized that the method of authenticating records prescribed by Ind.Code § 34–1–18–7 is alternative to other methods, including those provided by Ind. Rules of Procedure, Trial Rule 44, as applied to criminal proceedings through Ind. Rules of Procedure, Criminal Rule 21. *See, Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 630.

> T.R. 44(A)(1) provides in part:
> "An official record kept within the United States, or any state ... when admissible for any purpose, may be evidenced by an official publication thereof *or by a copy attested by the officer having the legal custody of the record, or by his deputy.* Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, *or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.* (Emphasis supplied.)

T.R. 44(C) provides that the provisions above set forth do not preclude the proof of official records by another method authorized by law.

■ In *Harmer v. State* (1983), Ind., 455 N.E.2d 1139, 1142, this Court rejected a contention very similar to that made by Defendant here. In *Harmer* we pointed out that the keeper of prison records at the Indiana State Farm was the person with legal custody of such records. *Id.,* 455 N.E.2d at 1139. In this case the record includes a certified statement by the Oklahoma Department of Corrections Central Administrator that he has the *original* files and records of persons committed to the department, and that the copies of the documents in this record are full, true and correct. The director's authority to render such certification is attested by the Secretary of State of Oklahoma. This Court has "consistently held that certified copies of prison records including commitment orders are properly admissible as public records and may be used to establish the fact of a defendant's prior felony convictions." *Id.,* 455 N.E.2d at 1142. Accordingly, the copies of prison records presented here were admissible even though they were not certified by the clerk of the trial court.

■ Having established that one Archie White, Jr., was convicted of grand larceny in 1974, the State then presented expert testimony that the fingerprints from the Oklahoma prison records matched those of Defendant. Although Defendant's brief suggests that this proof was inadequate, we upheld a similar procedure in *Hernandez,* 439 N.E.2d at 630. In that case a Michigan officer certified that a copy of fingerprints were those of the defendant. Here, the expert witness' testimony that the fingerprints in the prison records of one Archie White, Jr., matched Defendant's fingerprints was sufficient to establish that Defendant, using an alias, was convicted of grand larceny, a prior, unrelated felony, in 1974.

## II. 1975 CONVICTION

To establish that Defendant was convicted in 1975 in Oklahoma of robbery by force, the State introduced certified copies of the microfilmed copies of the information, judgment and commitment on plea of guilty, and a certified copy of the docket sheet, all retained by the clerk of the trial

court showing the conviction of one Archie White, Jr., for robbery. The State also introduced certified copies of the original judgment and commitment on a plea of guilty retained by the Oklahoma Department of Corrections, showing that Archie White, Jr., was convicted of robbery by force and incarcerated. As stated previously, the State then matched the prison record fingerprints with those of Defendant.

■ Defendant first complains that the copies of the microfilmed records were only "copies of copies" and therefore inadmissible because the State did not establish that the trial court clerk was custodian of the original records. While it is true that T.R. 44(A)(1) requires the certifying officer to have "legal custody" of the originals, as noted T.R. 44(C) allows proof of a record "by any other method authorized by law." The trial court clerk's certification of the copies of the microfilmed records states that "they have the same legal efficacy as the original, as the same appears of record in my office." This certification, absent evidence that the microfilmed copies were not true and correct, provided sufficient reliability for them to be admitted under T.R. 44(C).

■ Even if the microfilmed copies were not admissible, the State presented certified copies of the original judgment and commitment retained by the Oklahoma Department of Corrections. Under our previous analysis this evidence was sufficient to establish that Archie White, Jr., was convicted of robbery by force in 1975. The matched fingerprints then established that Defendant, using an alias, was convicted of robbery by force, a prior, unrelated felony, in 1975.

### III. 1981 CONVICTION

■ Regarding Defendant's 1981 conviction for burglary, we first note that proof of a third felony conviction is surplusage under the requirements of the habitual offender statute. *See, e.g., Harmer*, 455 N.E.2d at 1141.

■ Nevertheless, Defendant provides no persuasive argument to challenge the State's proof of his 1981 conviction. The State introduced a certified copy of the information charging Archie White, Jr., with burglary, and a certified copy of Oklahoma prison records showing that Archie White, Jr., was convicted upon a guilty plea and incarcerated for burglary in 1981. The State's expert witness' testimony that the Defendant's fingerprints matched those in the Oklahoma prison records provided sufficient evidence for the jury to find that Defendant, using an alias, was convicted of burglary, a prior, unrelated felony, in 1981.

### IV. SENTENCING ERROR

■ We observe an imperfection in sentencing in that the trial judge did not designate which sentence would be enhanced because of the habitual offender finding, but instead sentenced Defendant to a separate, 30-year term of imprisonment. A habitual offender determination results only in an enhanced sentence for an underlying felony conviction, and not a separate sentence. *Hernandez*, 439 N.E.2d at 633. Also, when there are two or more underlying felonies, the judge must specify which one is to be so enhanced. *Galmore v. State* (1984), Ind., 467 N.E.2d 1173.

The trial court's determination that Defendant is an habitual offender is affirmed, and this case is remanded to the Marion Superior Court for correction of sentence in accordance with the provisions of *Hermandez, supra* and *Galmore, supra*.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.