**Gary Lee DAVIS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 684 S 254.

Supreme Court of Indiana.

May 27, 1986.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Latrieale Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-Appellant Gary Lee Davis (Davis) was charged with murder, I.C. 35–42–1–1, and with being a habitual offender, I.C. 35–50–2–8. A jury found him guilty of the lesser-included offense of voluntary manslaughter, a class B felony, I.C. 35–42–1–3, and determined that he was an habitual offender. The trial judge subsequently sentenced him to separate, consecutive

terms of twenty (20) and (30) years imprisonment.

The issues raised on this direct appeal are:

1. whether the trial court erred in instructing the jury on the definition of "knowingly;"

2. whether the trial court committed reversible error in admitting certain evidence during the habitual offender proceeding; and,

3. whether the trial court improperly concluded that the "sentence" on the habitual offender determination must be served consecutively to the sentence on the manslaughter conviction.

We affirm the conviction but remand this cause for retrial on the habitual offender charge.

Defendant had been living with the victim's sister. He and the sister fought frequently, and eventually the sister started to move out. As she moved during the course of several days, her family, including the victim, assisted her in removing furniture from the residence contrary to Defendant's wishes. During a confrontation stemming from these problems, Defendant shot and killed the victim.

■ Defendant contends that the trial court erred in instructing the jury concerning the definition of the term "knowingly." This contention has been waived by failure to object at trial, Trial Rule 51(C), and by failure to properly set out verbatim objections in the brief of defendant-appellant, Appellate Rule 8.3(A)(7).

Davis next contends that the trial court erred in admitting certain evidence during the habitual offender phase of the trial. Two specific rulings are challenged: 1) the admission of evidence of past convictions of a person bearing the defendant's name, Gary Davis, but born on a different date, and 2) admission of a fingerprint chart and other information provided by the Indiana Department of Corrections.

■ To establish defendant's status as a habitual offender, the State charged that he was previously convicted of entry to commit a felony in 1975, and voluntary manslaughter in 1977. At trial, the State presented evidence of prior convictions in 1966 and 1967 of one Gary Davis born May 23, 1949. Defendant herein was born September 30, 1956. However, this error was discovered during trial, and the jury was informed that the 1966/1967 convictions did not pertain to the defendant. The mistake was timely corrected, defendant was not prejudiced thereby, and thus he is not entitled to reversal on this issue. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 486; *Murray v. State* (1982), Ind., 442 N.E.2d 1012.

■ As evidence of the 1975 and 1977 prior convictions, the trial court admitted, over objection, State's Exhibits H4 and H5, which included a chart of fingerprints, photographs, signature, and other information identifying the defendant's previous convictions. The sole foundation supporting their admissibility was the testimony of a Delaware County police sergeant that he obtained the documents from the Indiana State Police central records in Indianapolis. These documents are not certified, nor was their authenticity attested by the officer having legal custody of the record or his deputy. Lacking proper authentication, these records are not admissible. *Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155, *cert. denied* 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287.

In *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, and *Washington v. State* (1982), Ind., 441 N.E.2d 1355, this Court reversed habitual offender determinations supported only by parol evidence of the prior convictions. In both cases, the testimony of the defendants' former attorneys and former prosecutors were held insufficient to establish the habitual offender status. This Court stated:

> The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction

in a criminal trial upon parol evidence alone for witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject. We, therefore, hold that parol evidence standing alone is insufficient evidence of the fact of prior convictions in the absence of a showing of the unavailability of the proper certified records. Here, no such records were introduced, and there was no indication that the State was unable to produce them. The additional 30 year suspended under I.C. 35–50–2–8 cannot stand on the evidence submitted, and the defendant's conviction on that charge must be reversed.

*Morgan,* 440 N.E.2d at 1090, quoted in *Washington,* 441 N.E.2d at 1359.

■ In the instant case, the State argues that testimonial evidence from previous police officers, a parole officer, and a judge, provided "overwhelming" proof of defendant's two prior unrelated felony convictions. It would be inappropriate appellate review to adjudicate whether this particular assembly of witnesses was less prone to human error than those who testified in *Morgan* and *Washington.* To do so would only invite future habitual offender proceedings based solely upon parol evidence. In view of the consequences at stake for any habitual offender candidate, and the relative ease with which the State can marshal accurate documentary proof, we are constrained to insist upon the rule requiring the State to present certified records of the prior convictions alleged, to ensure the integrity of future habitual offender determinations. We further note that this Court has allowed the State considerable latitude in the manner of certification sufficient to make such records admissible, e.g., *Brackens v. State* (1985), Ind., 480 N.E.2d 536, 541–42; *Carter v. State* (1985), Ind., 479 N.E.2d 1290.

We therefore affirm the conviction for voluntary manslaughter, a class B felony, and reverse and remand for retrial on the habitual offender charge. Because of our decision upon this issue, resolution of the remaining issue is not required.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.