**David DULLEN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 984S373.

Supreme Court of Indiana.

Aug. 14, 1986.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant David Dullen brings this direct appeal to question his conviction, following jury trial, for burglary[1] and theft[2],

and habitual offender determination. He raises the following issues:

1. sufficiency of evidence;
2. habitual offender proceedings as a violation of due process guarantees; and,
3. irregularity in habitual offender sentencing.

In arguing that the guilty verdict is not supported by sufficient evidence, defendant contends that he was convicted solely on the testimony of another witness, defendant's accomplice, of highly questionable credibility, and whose testimony, in certain respects, was disputed by other witnesses.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. An accused may be convicted on the uncorroborated testimony of an accomplice. *Reynolds v. State* (1980), 274 Ind. 221, 409 N.E.2d 639.

Defendant urges that because the accomplice had pled guilty to charges arising from the same incident, that he had been involved in crimes before, and that he had just been released from Indiana Boys' School, his testimony "should not be enough to convict a man guilty beyond a reasonable doubt." This argument was rejected in *Bentley v. State* (1981), 275 Ind. 67, 414 N.E.2d 573, 574:

The defendant's claim of insufficient evidence is a challenge to the credibility of the witness, Craig, without whose testimony the defendant could not be connected to the crimes. He contends that because of Craig's prior convictions and that his testimony was bargained for, it was unworthy of belief. The credibility

1. Ind.Code § 35-43-2-1.

2. Ind.Code § 35-43-4-2.

of witnesses, however, is to be judged by the trier of facts, not by the courts of review. [Citations omitted.] Although we have, in a few instances determined that the evidence was insufficient because the only incriminating evidence was inherently unbelievable, we do not find this to be such a case. The jury was aware of the witness' prior criminal record and of the benefits flowing to him in exchange for his testimony. Unquestionably, those elements render his veracity suspect, but they are in a better position than we are to make the credibility determination. We cannot say that a reasonable man could not believe the witness' testimony to be true.

Similarly, in the present case, we find substantial evidence of probative value from which the jury could reasonably infer guilt beyond a reasonable doubt.

 Defendant next contends that the procedures for habitual offender determination offend the defendant's constitutional rights to an impartial trial, presumption of innocence, and protection from double jeopardy. These arguments have been previously addressed and rejected by this Court. The right to an impartial jury and presumption of innocence are not violated because the jury determining habitual offender status was the same jury that convicted for the primary offense. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289; *Ferguson v. State* (1980), 273 Ind. 468, 405 N.E.2d 902; *Jameison v. State* (1978), 268 Ind. 599, 377 N.E.2d 404. The habitual offender procedure does not involve double jeopardy because it merely provides a more severe penalty for the crime charged, rather than imposing punishment for a separate crime. *Ferguson*, 405 N.E.2d at 908; *Dorton*, 419 N.E.2d at 1297. We do not find sufficient reason to depart from these holdings.

 Defendant finally contends that the trial court erred in sentencing defendant upon the habitual offender determination, to a term of thirty (30) years to run consecutively to the sentences imposed for the primary offenses. Ind. Code § 35-50-2-8 provides that the sentence imposed upon a finding of habitual offender shall enhance the sentence for the underlying conviction rather than impose a separate penalty. Accordingly, this cause is remanded to the Marion Superior Court for correction of the sentencing error. *See, e.g., Carter v. State* (1985), Ind., 479 N.E.2d 1290, 1293 and authorities cited.

The convictions for burglary and theft are affirmed, and this cause is remanded for correction of the sentencing order in accordance with this opinion.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.