Larry **PERKINS** and George Redman, Appellants (Defendants Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 20S00–8706–CR–548.

Supreme Court of Indiana.

Aug. 11, 1989.

June D. Oldham, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This direct appeal is brought by Defendants–Appellants Larry Perkins and George Redman, claiming the trial court erred in allowing them to be retried, over their objections, as habitual offenders. The instant trial represented the third time in the same cause that Perkins and Redman had been tried as habitual offenders.

On April 13, 1983, in the Elkhart Circuit Court, Larry Perkins was found guilty by a jury of Conspiracy to Traffic With an Inmate and Conspiracy to Deal in More Than Thirty Grams of Marijuana, both Class D felonies. On the same date, Co–Defendant George Redman was found guilty by a jury of Conspiracy to Traffic With an Inmate, a Class D felony, and Conspiracy to Deal in Less Than Thirty Grams of Marijuana, a Class A misdemeanor. Both Perkins and Redman were tried as habitual offenders but this hearing resulted in a hung jury. A second hearing was subsequently held with an amended information. At the second hearing both Perkins and Redman were found to be habitual offenders and their underlying sentences were enhanced by thirty (30) years. Both appealed their convictions to this Court in *Perkins v. State*

(1985), Ind., 483 N.E.2d 1379, and this Court reversed one count of each defendant's underlying conviction and reversed the habitual offender finding for insufficiency of the evidence. On May 16, 1986, at a resentencing hearing pursuant to the opinion of this Court in *Perkins, supra,* the State made an oral motion to retry Perkins and Redman as habitual offenders. Both objected and filed opposing memoranda. The court granted the State's motion over objection, and on January 12, 1987, a third habitual offender hearing took place and the jury returned verdicts finding both Perkins and Redman to be habitual offenders. On the same day, both Perkins and Redman were again sentenced to a term enhanced by thirty (30) years by reason of the habitual offender finding.

In this appeal, both Perkins and Redman claim a retrial on the habitual offender finding, after this Court had reversed that finding on grounds of lack of sufficiency of evidence, placed them in double jeopardy in violation of the United States Constitution. We agree. Although other issues are raised in this direct appeal, we need not consider them since resolution of this issue renders them moot.

The holding by the United States Supreme Court in *Lockhart v. Nelson* (1988), 488 U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265, is dispositive of the issue presented to us in the instant case. In *Lockhart*, Johnny Lee Nelson pleaded guilty to burglary, a Class B felony, and misdemeanor theft. He was sentenced under Arkansas' habitual criminal statute which provides that a defendant who is convicted of a Class B felony and who has previously been convicted or found guilty of four more felonies may be sentenced to an enhanced term of imprisonment of between twenty (20) and forty (40) years. Arkansas' habitual criminal statute, like Indiana's, provided the State must prove beyond a reasonable doubt at a sentencing hearing that the defendant had the requisite number of prior felony convictions. The State proved four prior unrelated felony convictions but Nelson claimed he had received a full pardon on one of the convictions. It appears all thought at that time that Nelson had

confused a commuted sentence with pardon and he was sentenced to the enhanced term. Nelson subsequently proved he had, in fact, been pardoned for one of the underlying felonies and his habitual criminal finding was held to be invalid. The State then announced its intention to resentence Nelson as an habitual offender, using another prior conviction not offered or admitted at the initial sentencing hearing and Nelson interposed a claim of double jeopardy. The District Court found the Double Jeopardy Clause prevented the State from attempting to resentence Nelson as an habitual offender on the burglary charge and the Eighth Circuit Court of Appeals affirmed. The Supreme Court reversed, based on the well established exception to the general rule that the Double Jeopardy Clause does not bar the retrial of a defendant who has succeeded in getting his conviction set aside for error in the proceedings below. *Lockhart*, 488 U.S. at ——, 109 S.Ct. at 290, 102 L.Ed.2d at 272 (citing *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1).

The Court in *Burks* held that when a defendant's conviction is reversed by an appellate court on the sole ground the evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on the same charge. The *Lockhart* Court adopted its reasoning from *Burks* that because the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense it ought to do the same for the defendant who obtains an appellate determination that the trial court should have entered a judgment of acquittal. Although the *Lockhart* Court reaffirmed the position it took in *Burks*, it held that in cases where the appellate court reverses the conviction for "trial error" and the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, no double jeopardy question is presented on a retrial. *Lockhart*, 488 U.S. at ——, 109 S.Ct. at 287, 102 L.Ed.2d at 269–70.

In the instant case, the prosecuting attorney amended the habitual offender charge to remove all reference to sentences following the hung jury after the first trial. The evidence before the jury established the defendants had been convicted of two prior unrelated felonies but made no reference to their being sentenced for either of them. As this Court found:

> The record is devoid of evidence to support an inference that appellants had been twice sentenced for the stipulated two prior felony convictions. The State has the burden of proving beyond a reasonable doubt that a defendant has been twice convicted and twice sentenced for prior felony convictions. *Woods v. State* (1983), Ind., 456 N.E.2d 417; *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339.

*Perkins*, 483 N.E.2d at 1387. Because the State failed to prove Perkins and Redman had been convicted and sentenced for the prior crimes, this Court found there was insufficient evidence and ordered the habitual offender finding vacated. *Id.* Pursuant to the holding of the United States Supreme Court in *Lockhart, supra*, we find the Fifth Amendment's Double Jeopardy Clause bars a retrial of Perkins and Redman on the habitual offender charges.

We note this ruling requires reconsideration of our holding in *Durham v. State* (1984), Ind., 464 N.E.2d 321. In *Durham*, the defendant was found guilty of the underlying felony but the jury made a determination that he was not an habitual offender. Defendant filed a belated motion to correct errors and the convictions were set aside. The State then refiled the charges for the two underlying counts and also filed an amended habitual offender count. On appeal, this Court held that the defendant could be retried as an habitual offender even though the first jury found he was not an habitual offender which was tantamount to acquittal on that finding. Our reasoning was that habitual criminality is a status for the enhancement of punishment upon the conviction of an additional substantive crime, is not a conviction of an additional crime, and is provided for the purpose of more severely penalizing those

persons whom prior sanctions have failed to deter from committing felonies. *See also Baker v. State* (1981), Ind., 425 N.E.2d 98, 100. In *Durham,* this Court stated:

It is clear that the habitual offender charge in the instant case is based upon the *fact* of two prior felony convictions. The action of the trial court at the previous habitual offender trial did not operate to "acquit" defendant of the two prior felony convictions. Its action involved only the sentencing to be imposed upon the 1977 rape charge and a determination of defendant's status as an habitual offender based upon the evidence presented at that time. It is clear that there is nothing to prevent the state from alleging the fact of the prior felony convictions again at the instant trial since those two prior convictions do still exist.

*Durham,* 464 N.E.2d at 324 (quoting *Hall v. State* (1980), 273 Ind. 507, 516–17, 405 N.E.2d 530, 536–37) (emphasis in original). Since *Lockhart* must be read to provide that a finding that a defendant is not an habitual criminal is tantamount to an acquittal pursuant to *Burks, supra,* and bars reprosecution, we set aside our holding in *Durham* on this issue.

However, this does not affect our holding in *Durham* followed by *Mers v. State* (1986), Ind., 496 N.E.2d 75 on a related issue. *Mers* held that a jury's decision to find the defendant did not deserve an enhanced sentence as an habitual offender did not operate as an acquittal of the habitual offender status with regard to a subsequent and distinct theft. *Id.* at 79–80. In other words, if a jury finds against an habitual criminal charge in the face of proof of two prior unrelated felonies, a judgment does not remove those two convictions from proof and consideration where a defendant is subsequently tried on a different and unrelated felony. The finding does not "acquit" the defendant of the status of habitual offender because he did, in fact, commit the two previous crimes. It merely prevents the status and resultant enhanced sentence from being applied to the underlying felony in that case. If a defendant is convicted of having subse-

quently committed another felony, those same prior unrelated felonies can be used to enhance his sentence as an habitual offender in that subsequent conviction.

For the foregoing reasons, the habitual offender findings are vacated as to both Perkins and Redman.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.