Valentin JARAMILLO, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 76S03–0503–CR–93.

Supreme Court of Indiana.

March 11, 2005.

John Pinnow, Special Assistant to the
Public Defender of Indiana, Indianapolis,
IN, Attorney for Appellant.

Steve Carter, Attorney General of
Indiana, Christopher C.T. Stephen, Depu-
ty Attorney General, Indianapolis, IN, At-
torneys for Appellee.

ON PETITION TO TRANSFER FROM
THE INDIANA COURT OF AP-
PEALS, NO. 76A03–0306–CR–209.

SULLIVAN, Justice.

At issue in this appeal is whether the
Double Jeopardy Clause of the U.S. Con-

stitution bars re-trial of a habitual offender enhancement set aside on appeal for insufficient evidence. Although this Court has often held that it does, we conclude that those holdings are no longer good law in light of *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

## Background

Following a collision in August, 2002, in which a man was killed, Defendant Valentin Jaramillo was charged with Operating While Intoxicated Causing Death,[1] a Class C felony. The State sought to have the offense enhanced to a Class B felony on grounds that he had been convicted of operating a vehicle while intoxicated in March, 1998, and sought to have Defendant adjudicated a habitual substance offender on grounds of the instant charge, the March, 1998, conviction, and a third conviction for operating while intoxicated in June, 1997.[2] In a bifurcated proceeding, a jury first found Defendant guilty of the Class C felony and then the Class B felony and to be a habitual substance offender.

Defendant appealed the convictions, arguing that there was insufficient evidence to support the enhancement of his conviction for driving while intoxicated from a Class C felony to a Class B felony and that there was insufficient evidence to support the determination that he is a habitual substance offender.[3]

The Court of Appeals resolved both claims in Defendant's favor, finding that the State had failed to prove that a conviction was entered on Defendant's March, 1998, guilty plea. That offense was the predicate offense for the Class B enhancement and a necessary predicate for the habitual substance offender enhancement. *Jaramillo v. State*, 803 N.E.2d 243 (Ind.Ct. App.2004). The State does not challenge this determination on transfer. However, the Court of Appeals also held that federal double jeopardy principles did not bar the State from retrying the defendant on the Class B and habitual substance offender enhancements. *Id.* at 250. Defendant seeks transfer on this issue.

## Discussion

■■■ The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides, "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

### I

Both parties, as well as the Court of Appeals, suggest that the resolution of this issue turns upon *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

*Monge* arose under California's so-called "three-strikes" law. After the defendant in *Monge* had been convicted, the trial

---

1. Ind.Code § 9–30–5–5 (2004).

2. Ind.Code § 35–50–2–10 (2004).

3. Defendant also argued that the trial court had "erred in ordering restitution without fixing the manner of performance." Br. of Appellant–Def. at 23. The Court of Appeals remanded with instructions on this issue. *Jaramillo v. State*, 803 N.E.2d 243, 251 (Ind. Ct.App.2004). Neither Defendant nor the State challenge this determination on transfer. We summarily affirm the decision of the Court of Appeals on this issue. Ind. Appellate Rule 58(A)(2).

court judge enhanced his sentence based on prior convictions and prison terms. *Monge*, 524 U.S. at 725, 118 S.Ct. 2246. The California Court of Appeal ruled that the evidence had been insufficient to trigger the sentence enhancement because the prior conviction allegations had not been proved beyond a reasonable doubt, and that a remand for retrial on the sentence enhancement would violate double jeopardy principles. *Id.* at 725–26, 118 S.Ct. 2246. After the California Supreme Court reversed the California Court of Appeal, the United States Supreme Court affirmed the California high court and held that the Double Jeopardy Clause did not preclude retrial on the prior conviction allegation. *Id.* at 734, 118 S.Ct. 2246. As such, *Monge* resolves in the State's favor the issue presented in this case.

*Monge* was decided before *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and contains a debate that foreshadows that momentous decision. In dissent in *Monge*, Justice Scalia argued that the prior offense enhancement constituted an element of the defendant's offense and, therefore, implicated Double Jeopardy principles. *Monge*, 524 U.S. at 740, 118 S.Ct. 2246 (Scalia, J., dissenting). A majority of the Court rejected Justice Scalia's argument, both because the issue was not raised by the defendant and because the argument was contrary to the Court's then-controlling precedent on what constituted "elements of an offense," *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Monge*, 524 U.S. at 728, 118 S.Ct. 2246 (*Almendarez–Torres*, as well as *Monge*, involved the

question of whether the fact of prior conviction used to support a recidivist enhancement constitutes an "element of an offense."). In 2000, the Supreme Court decided *Apprendi*, largely adopting Justice Scalia's views of what constitute elements of an offense as expressed in his prior dissents in *Monge* and *Almendarez–Torres*. *Apprendi*, 530 U.S. at 488–89 nn. 14 & 15, 120 S.Ct. 2348. The question then, is whether *Monge* and *Almendarez–Torres* were overruled by *Apprendi* or are distinguishable from it.

Defendant contends that the practical effect of *Apprendi* was to overrule *Monge*, because, according to his count, a majority of the members of the Court have now taken positions contrary to its holding. The Court of Appeals found Defendant's argument to be "plausible" but refused to speculate as to whether a majority of the Supreme Court would vote to overturn *Monge*.[4] *See Jaramillo v. State*, 803 N.E.2d 243, 250 (Ind.Ct.App.2004). In point of fact, *Apprendi* discusses *Monge* without suggesting that it is no longer good law. *Apprendi*, 530 U.S. at 488 n. 14, 120 S.Ct. 2348. And last year, the Court cited *Monge* in an opinion as standing for the proposition that the "Double Jeopardy Clause does not preclude retrial on a prior conviction used to support recidivist enhancement." *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 1853, 158 L.Ed.2d 659, —— (2004). Given that *Apprendi* exempts from its reach the fact of a prior conviction, it makes sense that *Monge*, involving as it does a fact of a prior conviction, would be distinguishable from *Apprendi*. *See Apprendi*, 530 U.S. at 490, 120

---

4. *Cf. Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 2005 U.S. LEXIS 2205 (U.S. Mar. 7, 2005) (Thomas, J., concurring), where Justice Thomas observes that "a majority of the Court now recognizes that *Almendarez–Torres* was wrongly decid-

ed," counting the votes of four dissenters in *Almendarez–Torres* and himself. (Justice Thomas was in the majority in *Almendarez–Torres*.) But he clearly acknowledges that *Almendarez–Torres* is still good law until the Court overrules it.

S.Ct. 2348 (concluding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of a prior conviction,* must be submitted to a jury and proved beyond a reasonable doubt") (emphasis added).

We hold that *Monge* is good law and permits the State to retry Defendant.

## II

Although *Monge* resolves the issue before us in the State's favor, our own precedents in this regard are such as to warrant additional discussion.

■■ The general rule of sufficiency is that if a conviction is reversed on appeal because the State failed to present sufficient evidence to support the conviction beyond a reasonable doubt, the Double Jeopardy Clause precludes retrial. *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).[5] This Court has held on several occasions that, following a reversal on appeal of a habitual offender enhancement on grounds of insufficient evidence, the State is not permitted to retry the defendant on that offense. *Bell v. State,* 622 N.E.2d 450, 456 (Ind.1993); *Powers v. State,* 617 N.E.2d 545, 547 (Ind.1993) (Dickson, J., concurring); *Perkins v. State,* 542 N.E.2d 549 (Ind.1989); *Phillips v. State,* 541 N.E.2d 925 (Ind.1989). *Monge* holds to

the contrary and overrules these four decisions (but not the general rule that insufficiency of the evidence on any element precludes retrial).

The history of this issue in our Court began with *Durham v. State,* 464 N.E.2d 321 (Ind.1984), in which the defendant was initially convicted of two underlying felonies but found not to be a habitual offender by a jury. *Durham,* 464 N.E.2d at 323. Defendant filed a belated motion to correct errors and the convictions were set aside. *Id.* The State then re-filed charges on the two underlying counts as well as an amended habitual offender count and obtained convictions. *Id.* On appeal, this Court held that the defendant could be retried as a habitual offender even though the jury during defendant's first trial found that he was not. *Id.* at 324. At that time, we reasoned that habitual criminality was a status for the enhancement of punishment upon the conviction of an additional substantive crime, was not a conviction of an additional crime, and was provided for the purpose of more severely penalizing those persons whom prior sanctions have failed to deter from committing felonies. *Id.* at 323–24.

In *Perkins v. State,* 542 N.E.2d 549 (Ind.1989), we revisited this issue and set aside our holding in *Durham.* After we reversed Defendant's habitual offender adjudication on grounds of insufficient evidence, the State retried Defendant and a jury returned a verdict finding him to be a

---

5. Retrial following reversal for improperly admitted evidence does not violate the Double Jeopardy Clause so long as all the evidence, even that erroneously admitted, is sufficient to support the jury verdict. *See, e.g., Lockhart v. Nelson,* 488 U.S. 33, 34, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (holding that a defendant who succeeds in having a conviction set aside because of trial error may be retried for the same offense without violating the Double Jeopardy Clause of the U.S. Constitution);

*Carpenter v. State,* 786 N.E.2d 696, 705 (Ind. 2003); *Stahl v. State,* 686 N.E.2d 89, 94 (Ind. 1997); *Everroad v. State,* 590 N.E.2d 567, 571 (Ind.1992); *Perkins v. State,* 542 N.E.2d 549, 551 (Ind.1989). The Court of Appeals recently held to the contrary in *Serrano v. State,* 808 N.E.2d 724 (Ind.Ct.App.2004), transfer denied, 822 N.E.2d 977, 2004 Ind. LEXIS 887. The opinion of the Court of Appeals in *Serrano* is disapproved.

habitual offender. *Perkins*, 542 N.E.2d at 550. Relying on the Supreme Court's holding in *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), and citing its holding in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), we concluded that "because the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense it ought to do the same for the defendant who obtains an appellate determination that the trial court should have entered a judgment of acquittal." *Perkins*, 542 N.E.2d at 551. In arriving at our conclusion in *Perkins*, we explicitly overruled *Durham*. *Id.* at 552.

*Perkins* was later criticized by the Illinois Court of Appeals in *People v. Brooks*, 202 Ill.App.3d 164, 147 Ill.Dec. 519, 559 N.E.2d 859 (1990). In *Brooks*, the defendant challenged the State's ability to re-sentence him as a Class X offender (an enhancement for prior convictions) under the Double Jeopardy Clause in the event that the court found that the state had failed to present sufficient evidence to sustain his initial conviction. *Brooks*, 559 N.E.2d at 860–61. The court reversed the defendant's Class X offender conviction but held that he could be re-sentenced on that charge. *Id.* at 869. The Illinois court found our reasoning in *Durham* to have been more persuasive than *Perkins*. *Id.* at 866 n. 3.

### Conclusion

We now hold, in accordance with *Monge*, that the Double Jeopardy Clause does not prevent the State from re-prosecuting a habitual offender enhancement after conviction therefore has been reversed on appeal for insufficient evidence.

We grant transfer pursuant to Indiana Appellate Rule 58(A), summarily affirm the opinion of the Court of Appeals as to the issue discussed in footnote three, and remand this case to the trial court.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

RUCKER, J., concurs in result.