ATTORNEY FOR APPELLANT
Bruce W. Graham
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

In the

Indiana Supreme Court



FILED
Jan 12 2012, 10:44 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 79S05-1106-CR-367

THOMAS DEXTER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Tippecanoe Superior Court, No. 79D02-0905-FA-12
The Honorable Thomas H. Busch, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 79A05-1003-CR-189

**January 12, 2012**

**Sullivan, Justice.**

A jury convicted the defendant of Class A felony neglect of a dependent and found him to be a habitual offender, which resulted in a 30-year sentencing enhancement. An unsigned judgment of conviction was presented by the State to prove that the defendant in fact had been convicted of one of the predicate felonies. We reverse the defendant's habitual-offender sentencing enhancement and hold that an unsigned judgment is not sufficient to prove beyond a reason-

able doubt the fact of a prior conviction. We also hold that the Double Jeopardy Clause of the Fifth Amendment does not bar the State from retrying the defendant on the habitual-offender enhancement.

**Background**

The defendant, Thomas Dexter, lived in a Lafayette apartment with his girlfriend A.H. and her three daughters, including three-year-old K.S. On April 30, 2009, A.H. went to a morning appointment and left K.S. in Dexter's care, asking him to have her dressed by the time A.H. returned. Dexter proceeded to give K.S. a bath and then tossed her in the air. Dexter was unable to catch K.S., who was wet from her bath, and K.S. fell, striking both her head and her back on the tub. Dexter wrapped her in a towel and called 911. K.S. was rushed to a local hospital but soon was transferred to Riley Children's Hospital in Indianapolis due to an increase in her intracranial pressure. Sadly, K.S. died on May 5, 2009.

The State charged Dexter with one count of Class A felony neglect of a dependent resulting in death of the dependent, Ind. Code § 35-46-1-4(b)(3) (2008), and sought to have him sentenced as a habitual offender under Indiana Code section 35-50-2-8. A jury convicted him as charged and found him to be a habitual offender. The trial court sentenced Dexter to the advisory sentence of 30 years for his Class A felony conviction and enhanced it by 30 years based on his status as a habitual offender, for a total of 60 years. Five years of the sentence were suspended to probation, yielding a total executed term of 55 years' imprisonment.

On appeal, Dexter contended (1) that the trial court abused its discretion in allowing certain expert testimony; (2) that the trial court abused its discretion in rejecting Dexter's proffered jury instructions on negligent conduct; (3) that the evidence was insufficient to support his conviction for Class A felony neglect of a dependent; and (4) that the evidence was insufficient to support his habitual-offender enhancement. The Court of Appeals unanimously affirmed, rejecting all four of Dexter's arguments. Dexter v. State, 945 N.E.2d 220 (Ind. Ct. App. 2011).

2

Dexter sought transfer on his claim that the evidence was insufficient to support the jury's finding that he is a habitual offender; the State elected not to file a response. We granted transfer to consider this issue (without ordering oral argument), Dexter v. State, 950 N.E.2d 1212 (Ind. 2011) (table), thereby vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A). We summarily affirm the opinion of the Court of Appeals in all other respects. App. R. 58(A)(2).

## Discussion

### I

The sentence of a person convicted of a felony may be enhanced by up to 30 years if he or she is a habitual offender. I.C. § 35-50-2-8(h); see, e.g., Seay v. State, 698 N.E.2d 732, 733-34 (Ind. 1998) (discussing habitual-offender sentencing scheme). The habitual-offender enhancement is available where the State proves beyond a reasonable doubt that the defendant previously has been convicted of two unrelated felonies. I.C. § 35-50-2-8(a), (g); e.g., Warren v. State, 769 N.E.2d 170, 171 n.2 (Ind. 2002).

The State alleged that Dexter had been convicted of felony theft in 2000 for offenses committed in 1999 and that he had been convicted of felony residential entry and felony theft in 2005 for offenses committed in 2004. To carry its burden of proving the 2000 theft conviction, the State used a copy of the order entering judgment of conviction that was not signed by the trial judge. The State also used a "rules of probation" form, the presentence investigation from the 2005 conviction, and the testimony of a probation officer. Dexter contends that this was insufficient evidence to prove beyond a reasonable doubt the existence of the 2000 theft conviction.

### A

As a preliminary issue, the State argues that Dexter's claim is unavailable for review. It does not argue that Dexter has waived review by failing to object during the habitual-offender phase of this trial. Cf. I.C. § 35-50-2-8(g) (providing that the State bears the burden of proving

beyond a reasonable doubt habitual-offender status); Ind. Trial Rule 50(A)(5) (providing that a claim of insufficient evidence can be raised for the first time on appeal in criminal cases). Instead, the State argues that the trial judge's failure to sign the judgment was merely an irregularity and does not void the judgment or subject it to collateral attack, and that any challenge to the sufficiency of the judgment based on the trial judge's failure to sign it must have been raised in the original court.

The State is correct that the trial judge's failure to sign the 2000 judgment of conviction does not render that conviction void. Newsom v. Miles, 220 Ind. 427, 429, 44 N.E.2d 297, 298 (1942); Bailer v. Dowd, 219 Ind. 624, 628-29, 40 N.E.2d 325, 326-27 (1942). Moreover, a defendant may not wage a collateral attack on the validity of a prior conviction during a habitual-offender proceeding, Gross v. State, 444 N.E.2d 296, 301 (Ind. 1983), unless the court documents on their face raise a presumption that the conviction is constitutionally infirm and the apparent constitutional infirmity undermines the integrity and reliability of the guilt determination. Edwards v. State, 479 N.E.2d 541, 547-48 (Ind. 1985). The lack of a judicial signature is not a constitutional infirmity and therefore is not a basis for collateral attack in a habitual-offender proceeding. Cf. Goliday v. State, 526 N.E.2d 1174, 1175-76 (Ind. 1988) (defendant could not lodge collateral attack to the validity of an unsigned sentencing order during habitual-offender proceeding).

But the State misunderstands Dexter's claim. He is not challenging the validity of the alleged 2000 conviction. Rather, he is challenging only the collateral use of this document as proof of a prior conviction. His argument is that an unsigned order entering judgment of conviction is insufficient to prove existence of a past conviction beyond a reasonable doubt.

**B**

For almost 30 years, this Court has held that the State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions. See Morgan v. State, 440 N.E.2d 1087, 1090-91 (Ind. 1982); accord Powers v. State, 617 N.E.2d 545, 547 (Ind. 1993)

(Dickson, J., concurring); <u>Beavers v. State</u>, 566 N.E.2d 533, 535 (Ind. 1991), <u>modifying</u> 550 N.E.2d 305 (Ind. 1990); <u>Hall v. State</u>, 524 N.E.2d 1279, 1281 (Ind. 1988); <u>Ford v. State</u>, 523 N.E.2d 742, 745 (Ind. 1988); <u>Davis v. State</u>, 493 N.E.2d 167, 168-69 (Ind. 1986); <u>Driver v. State</u>, 467 N.E.2d 1186, 1187-88 (Ind. 1984); <u>Washington v. State</u>, 441 N.E.2d 1355, 1359-60 (Ind. 1982). In the absence of a showing by the State that such records are unavailable, parol evidence alone is not sufficient to prove the fact of prior convictions. <u>E.g.</u>, <u>Washington</u>, 441 N.E.2d at 1359-60; <u>Morgan</u>, 440 N.E.2d at 1090-91. Even though additional supporting evidence is required to prove the identity of the defendant and may be required to prove the proper sequence of the felony convictions, <u>e.g.</u>, <u>Tyson v. State</u>, 766 N.E.2d 715, 718 (Ind. 2002); <u>Baxter v. State</u>, 522 N.E.2d 362, 365 (Ind. 1988); <u>Coker v. State</u>, 455 N.E.2d 319, 322 (Ind. 1983), proper certified and authenticated documentary evidence is required to establish that the prior convictions in fact occurred. <u>See</u> <u>Powers</u>, 617 N.E.2d at 547 (Dickson, J., concurring) ("The majority today concludes that where the existence of prior felonies is established by certified records, parol evidence may provide sufficient proof of the dates of commission. However, this holding does not modify the holding in <u>Morgan</u> . . . and <u>Washington</u> . . . that the evidence of habitual offender status is insufficient in the absence of proper available certified records of the prior felony convictions."); <u>Bell v. State</u>, 610 N.E.2d 229, 235 (Ind. 1993) ("[T]he State must produce certified copies of records showing convictions of two prior unrelated felonies and supporting evidence to identify the defendant as the same person who was convicted of those crimes." (citation omitted)); <u>Beavers</u>, 566 N.E.2d at 535 (holding that oral testimony considered in conjunction with documentary evidence was sufficient to establish proper sequence because "[t]he date upon which an offense may have been committed . . . . is not part of the fact of a prior conviction, the proof of which is restricted to authenticated documents").

The issue here is not whether the State submitted documentary evidence – it clearly did – but whether the documentary evidence presented was sufficient to establish the fact of the alleged 2000 conviction.

In view of our insistence that proper documentary evidence be submitted to prove the existence of a prior conviction and the important rationale underlying that rule,[1] we hold that a

---

[1] Writing for the Court in <u>Morgan</u>, Justice DeBruler justified the rule as follows:

judgment must be signed by the trial judge to constitute substantial evidence of probative value sufficient to sustain a habitual-offender enhancement. Accordingly, the unsigned order of judgment was not probative of the fact of Dexter's alleged theft conviction in 2000.

Here, the Court of Appeals held that the unsigned judgment was not sufficient evidence to prove the fact of the alleged 2000 conviction. But it went on to hold that the record contained other evidence of probative value sufficient to support the jury's habitual-offender finding. Dexter, 945 N.E.2d at 226. We conclude otherwise.

First, the Court of Appeals found that a "rules of probation" form signed by both the defendant and the trial judge created a reasonable inference that "Dexter must have been convicted of the underlying offense before being placed on probation." Id. But the cause number on the rules-of-probation form differs from the cause number on the unsigned judgment and the cause number in the information alleging Dexter to be a habitual offender. Moreover, the rules-of-probation form is not like a sentencing order because it does not itself impose the sentence. The form merely indicates the rules to be followed during probation and, in this case, lists the probation period as four years. There is nothing to indicate that four years of probation actually was imposed on Dexter, except for the unsigned judgment. The rules-of-probation form is not probative of Dexter's alleged 2000 theft conviction.

Second, included in the record is a Presentence Investigation Report filed prior to sentencing on the 2005 convictions. The report includes Dexter's criminal history and demonstrates that he had been convicted of Class D felony theft in 2000. But presentence reports may contain

---

A judgment of conviction is basically a written court record of a judicial proceeding. The record's existence and content in turn is reflected in a host of other official documents. The requirement of the law that such records be kept reflects the monumental interest of society in the maintenance of accurate and reliable evidence of such matter. To countenance proof of such an important matter as a prior conviction in a criminal trial upon parol evidence alone from witnesses who have observed the judicial proceedings, resulting in it, is counter to our entire perspective on the subject.

440 N.E.2d at 1090 (internal citations omitted); see also Davis, 493 N.E.2d at 169 ("In view of the consequences at stake for any habitual offender candidate, and the relative ease with which the State can marshal accurate documentary proof, we are constrained to insist upon the rule requiring the State to present certified records of the prior convictions alleged, to ensure the integrity of future habitual offender determinations.").

6

hearsay and other inadmissible evidence. Pointer v. State, 499 N.E.2d 1087, 1089 (Ind. 1986). They are also confidential under Indiana Code section 35-38-1-13. Due to the function of the jury during the habitual-offender phase of trial and the nature of presentence reports, this Court has held that such reports are irrelevant in a habitual-offender proceeding as a matter of law. Cornett v. State, 536 N.E.2d 501, 505-06 (Ind. 1989); Pointer, 499 N.E.2d at 1089-90. Accordingly, the presentence report is not probative of Dexter's alleged 2000 theft conviction.

The only remaining "evidence" suggesting that Dexter was in fact convicted of theft in 2000 is the testimony of Kipp Scott, the Chief Probation Officer for Tippecanoe County. The habitual-offender enhancement cannot be sustained on this evidence. Parol evidence alone is not sufficient evidence to support a habitual-offender finding, and the State made no showing that proper documentary evidence was unavailable. Washington, 441 N.E.2d at 1359-60; Morgan, 440 N.E.2d at 1090-91; see also Davis, 493 N.E.2d at 168-69; Driver, 467 N.E.2d at 1187-88.

Dexter's habitual-offender enhancement cannot stand on this record.

## II

Dexter contends that, on remand, the State may not seek to have him sentenced as a habitual offender because it presented insufficient evidence the first time around. The State failed to address this argument. At any rate, Dexter is mistaken.

Generally, a defendant may be retried after his or her conviction is reversed on appeal or on collateral attack. United States v. Tateo, 377 U.S. 463, 465-68 (1964); United States v. Ball, 163 U.S. 662, 672 (1896). It is true, however, that the Double Jeopardy Clause bars retrial when the defendant's conviction is reversed due to insufficient evidence because such a reversal is tantamount to an acquittal. Burks v. United States, 437 U.S. 1, 16-17 (1978). To allow the government to retry a defendant where it failed to provide sufficient evidence in the first trial would afford it "an opportunity for the proverbial 'second bite at the apple.'" Id. at 17.

7

But retrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence.  See Monge v. California, 524 U.S. 721, 727-34 (1998); Jaramillo v. State, 823 N.E.2d 1187, 1191 (Ind. 2005), cert. denied, 546 U.S. 1030 (2005).  In Jaramillo, we acknowledged that Justice Scalia's dissent in Monge foreshadowed the Supreme Court's watershed decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), yet we rejected the defendant's argument that Apprendi implicitly overruled Monge.  Jaramillo, 823 N.E.2d at 1189-90.  In Apprendi, the Court discussed Monge without suggesting that it was no longer good law, id. at 1189 (citing Apprendi, 530 U.S. at 488 n.14), and, since Apprendi, the Court has cited Monge for the principle "that the 'Double Jeopardy Clause does not preclude retrial on a prior conviction used to support recidivist enhancement,'" id. (quoting Dretke v. Haley, 541 U.S. 386, 395 (2004)).  We see no reason to revisit our holding in Jaramillo at this time.

The State may retry Dexter on the habitual-offender enhancement.

## Conclusion

We reverse Dexter's habitual-offender enhancement and remand for resentencing proceedings consistent with this opinion.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.