# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana 47130

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE A. NUNLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A04-1212-CR-630 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1005-FC-082

**December 18, 2013**

**OPINION ON REHEARING- FOR PUBLICATION**

**ROBB, Chief Judge**

The State has petitioned this court for rehearing of our decision dated October 2, 2013. In our opinion we held, in relevant part, that the trial court erred in allowing the State to amend the habitual offender allegation after the jury was empaneled. Nunley v. State, 995 N.E.2d 718, 726 (Ind. Ct. App. 2013). We concluded that the amendment was made after the commencement of trial and that it prejudiced Nunley's substantial rights and therefore was not allowed under any subsection of Indiana Code section 35-34-1-5, which deals with amendments to an information. Accordingly, we reversed the habitual offender enhancement to Nunley's sentence. Id. at 725. We write now to clarify our decision, and we affirm our opinion in all respects.

The State argues that the proper remedy for a late-filed amendment would have been for us to remand to the trial court for proceedings on an habitual offender sentence enhancement, rather than the reversal that we ordered. For this contention, the State cites to Jaramillo v. State, 823 N.E.2d 1187 (Ind. 2005), cert. denied, 546 U.S. 1030 (2005). In Jaramillo, our supreme court held that "the Double Jeopardy Clause does not prevent the State from re-prosecuting a habitual offender enhancement after conviction therefore has been reversed on appeal for insufficient evidence." Id. at 1191. The holding in Jaramillo was itself based on a similar holding by the United States Supreme Court. Monge v. California, 524 U.S. 721, 734 (1998) (holding that the double jeopardy clause does not apply to noncapital sentencing proceedings; the case involved a "three-strikes" sentencing enhancement where the State had failed to provide sufficient evidence to prove one of the predicate offenses).

The difference between these cases and Nunley's is that those enhancements were overturned for insufficient evidence, whereas here, the State failed to timely and properly allege the habitual offender status. While Monge's holding was somewhat broad regarding noncapital sentencing proceedings, it did not address the issue on point here, nor did Jaramillo.

We find no cases in which we or our supreme court has determined that an habitual offender allegation was wrongly amended under Indiana Code section 35-34-1-5 and then remanded for further proceedings on the allegation rather than reversing. The closest match is White v. State, 963 N.E.2d 511, 518 (Ind. 2012), in which our supreme court addressed a belated habitual offender allegation amendment but concluded that because the defendant did not object to the amendment or request a continuance, the issue was waived on appeal; the court then addressed the sufficiency of the evidence supporting the allegation.

Our concern with extending Jaramillo to our current case is that it would conflict with the language and purpose of Indiana Code section 35-34-1-5. The issue in this case regards the timing of an amendment to an allegation rather than the evidence supporting that allegation. Thus, this case is distinct from Jaramillo. Therefore, even if remanding for further proceedings on the habitual offender allegation would not violate federal double jeopardy under Monge, we believe it would be contrary to the relevant state statute. Because the State's original habitual offender allegation failed to list appropriate predicate offenses, there would be nothing to address on remand without an amendment to the allegation. Were we to remand now and allow the State to amend its original allegation, Indiana Code section

3

35-4-1-5 and its timing requirements would be rendered pointless. We therefore affirm our original decision to reverse, and affirm that opinion in all respects.

KIRSCH, J., concurs.

RILEY, J., would deny the Petition for Rehearing.