In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2147

CHARLES WALKER,

*Petitioner-Appellant,*

*v.*

KATHY GRIFFIN, Superintendent,
Miami Correctional Facility,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-1476-JMS-TAB — **Jane Magnus-Stinson**, *Judge.*

ARGUED MAY 24, 2016 — DECIDED AUGUST 29, 2016

Before WOOD, *Chief Judge,* and EASTERBROOK and KANNE, *Circuit Judges.*

WOOD, *Chief Judge.* Charles Walker was convicted in an Indiana court of robbery, adjudicated a habitual offender pursuant to Indiana Code § 35-50-2-8, and sentenced to 40 years in prison. Twenty of those years were attributable to his habitual-offender status. The version of the habitual-offender statute Indiana had in place at the time applied if a defendant

had been convicted of two prior unrelated felonies, in a specific sequence: the second felony had to have been committed after the commission of and sentencing for the first, and the present crime had to have been committed after the commission and sentencing of the second earlier offense. At Walker's trial, the state provided evidence of three prior felonies, but it failed to offer evidence of the date when one of the crimes was committed.

The only claim Walker presses before us is ineffective assistance of appellate counsel. He contends that his lawyer on direct appeal should have challenged the sufficiency of the evidence for the habitual-offender conviction, given the missing date. Even assuming that counsel's performance fell below the constitutional minimum, we conclude that Walker's petition for a writ of habeas corpus was properly dismissed. The state appellate court's conclusion that Walker's Sixth Amendment right to counsel was not infringed meets the generous standards that apply under 28 U.S.C. § 2254, and so we affirm.

## I

In 2006 an Indiana jury convicted Walker of a robbery that took place on November 29, 2005. Ind. Code § 35-42-5-1. He was also charged with being a habitual offender. Ind. Code § 35-50-2-8 (2005). The version of the habitual-offender statute in place in 2006 said, in relevant part: "the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions." *Id*. It required proof of the two priors beyond a reasonable doubt. *Id.* § 35-50-2-8(g). (The law

was amended in 2014 and 2015, but we cite the version that applies to Walker's case.)

Walker's original charging document listed five prior felony convictions: (1) a 1975 burglary, (2) a 1980 robbery, (3) a 1989 burglary, and (4) two 1995 cocaine-related convictions for drug conduct that took place in 1994. The state later filed an amended information that omitted the 1975 burglary. At trial, the prosecutor presented evidence to the jury including the docket and sentencing transcript from the 1980 robbery and the docket and abstract of judgment of the 1989 burglary. But for the 1989 burglary, neither the docket nor abstract of judgment listed the date on which the crime was committed. They indicated only the charging date (March 31, 1989) and the conviction date (June 30, 1989). The charging information for that burglary did list the commission date, but it was not presented to the jury. Walker later included the information for the 1989 offense in his post-conviction petition; it indicates a commission date of March 10, 1989.

On direct appeal, Walker challenged the sufficiency of the evidence supporting the robbery conviction and the reasonableness of the 40-year sentence. The Indiana Court of Appeals affirmed. *Walker v. State* (*Walker I*), 872 N.E.2d 704 (Ind. Ct. App. 2007). Walker then filed a state post-conviction petition in which he argued that both his trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence for the habitual-offender conviction based on the missing commission date. The first court to review the petition, an Indiana superior court in LaPorte County, ruled that the 1995 drug convictions were statutorily ineligible to serve as prior felonies for habitual offender purposes but otherwise denied relief.

The court of appeals, adopting the superior court's finding with respect to the 1995 convictions, considered only the 1980 and 1989 convictions in its post-conviction review. *Walker v. State* (*Walker II*), 988 N.E.2d 1181 (Ind. Ct. App. 2013). The court agreed with Walker that his *trial* counsel performed deficiently for failing to move for a directed verdict based on the absence of the 1989 commission date, but found that there was no prejudice. *Id*. at 1188. Had counsel so moved, the appellate court reasoned, the trial court would have reopened the case and allowed the state to introduce the charging information. *Id*. The court found that *appellate* counsel did not perform deficiently because he had challenged the habitual-offender conviction in his argument about the reasonableness of the sentence. *Id*. at 1191. Moreover, the court pointed out, Walker's appellate counsel would have seen the presentence investigation report, where "the only thing glaring from the record is that Walker had committed crime after crime after crime during his adult life." *Id*. The missing date for the 1989 burglary was "not significant and obvious." *Id*.

In his federal habeas corpus petition, Walker challenged only the effectiveness of the assistance of appellate counsel. The district court, noting that the proceedings were governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(a), found that the state court did not unreasonably apply clearly established federal law in finding effective assistance of appellate counsel. It refused to issue the writ and denied a certificate of appealability. This court granted a certificate limited to the question of whether appellate counsel was effective.

**II**

We review the district court's denial of Walker's section 2254 petition *de novo*, but with great deference to the state courts' decisions. *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012). We look to the last state court decision to rule on the merits of the claim, *McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011), to see if that ruling is "contrary to" clearly established federal law, "involved an unreasonable application of" clearly established federal law, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Walker argues only that the state court decision was an unreasonable application of clearly established federal law.

Walker argues that his appellate attorney, Don Pagos, performed deficiently in failing to notice or challenge the absence of the commission date for the 1989 crime. Indiana allows a sufficiency challenge to a habitual-offender finding only on direct appeal, he says, and so it was then or never. Had Pagos raised the issue on appeal, Walker contends, the Indiana Court of Appeals would necessarily have reversed the habitual-offender finding. He then asserts that he could not have been retried after such a reversal, because the sequence of the prior felonies is an element of the habitual-offender conviction that must be found by a jury, and therefore retrial would violate the double jeopardy clause. All that would have been left for the court of appeals to do, Walker concludes, would have been to strike 20 years from his sentence.

**A**

The clearly established federal law that controls ineffective assistance of counsel claims is *Strickland v. Washington*,

466 U.S. 668 (1984). Under *Strickland*, the defendant must demonstrate both that counsel's performance was constitutionally deficient, and that the deficient performance prejudiced him. *Id.* at 687. We do not decide that question on our own, however; we are allowed to consider only whether the state court unreasonably applied *Strickland*'s standards. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Because the state court made a finding only on appellate counsel's performance, and not prejudice, we assess prejudice independently, *Harris v. Thompson*, 698 F.3d 609, 625 (7th Cir. 2012), although the outcome of this case would be no different even if we were to impute a finding on prejudice to the state court and apply AEDPA deference.

1

We begin with the state's argument that "[b]ecause Walker cannot show that he is not a habitual offender, he cannot demonstrate either deficient performance or prejudice." The state contends that the Indiana superior court reasonably applied federal law when it required Walker to make such a showing. The superior court found that to show prejudice (from trial or appellate counsel's performance), Walker "must demonstrate that he was not a habitual offender" and that "his various convictions did not in fact occur in the required order." *Walker v. State*, 46D01-1207-PC-211 at 6 (Ind. Sup. Ct. Jul. 25, 2012) (quoting *Weatherford v. State*, 619 N.E.2d 915, 918 (Ind. 1993)).

Placing the burden on a defendant to *prove* that his argument would prevail is in considerable tension with *Strickland*'s rule, under which the defendant must show only that there is a reasonable probability of a different result. As the Supreme Court put it there, "a defendant need not show that

counsel's deficient conduct more likely than not altered the outcome in the case." 466 U.S. at 693. Instead, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Applying that standard here, we see that Walker needed only to show that absent counsel's error he would have had a reasonable shot at acquittal on the habitual-offender charge. We therefore assume for present purposes that Walker did not have the burden to demonstrate conclusively that he is not in fact a habitual offender.

2

By the time the Indiana Court of Appeals considered Walker's post-conviction petition, Pagos had died. The court thus had to reconstruct what his appeal strategy may have been without the aid of his testimony. Appellate ineffective-assistance claims require the reviewing court to look at the issue that appellate counsel failed to raise, and determine whether that issue was "obvious and clearly stronger" than issues that appellate counsel did raise. *Sanders v. Cotton*, 398 F.3d 572, 585 (7th Cir. 2005).

The state appellate court reasoned that because Pagos raised a sentencing claim on Walker's behalf, he must have become familiar with Walker's criminal history. That in turn mean that Pagos must have known that Walker had enough prior convictions to satisfy the state's habitual-offender statute. The absence from the record of the date on which he committed the 1989 burglary, the court thought, was "not significant and obvious." *Walker II*, 988 N.E.2d at 1191. There is some

tension in the court's finding both that Pagos must have reviewed Walker's criminal history and sentencing in detail, and that he must have missed the absence of a key piece of evidence in the state's case. The former suggests an intentional strategy, and the latter negligence. But that tension does not render the state court's conclusion an unreasonable application of clearly established federal law. It is plausible that Pagos declined to raise the issue because he believed there was no point in doing so. The Court of Appeals would simply have affirmed based on the evidence from which the commission date could be inferred, or reopened the case for the state to supply the missing documentation. It is also plausible that he did not raise the issue because it was not obvious, and he raised other issues that he considered more promising. We find nothing unreasonable, in the sense that AEDPA uses the term, in the state appellate court's assessment of Pagos's performance.

3

That leaves the question of prejudice. On this point, Walker's argument begins badly by relying on outdated Indiana law for the proposition that the omission of the key date would have required the state appellate court to reverse the habitual-offender finding outright. The state counters that by the time of Walker's direct appeal in 2007, the proper response to the deficiency in the record would have been for the state appellate court to remand to allow the prosecutor to supply the missing evidence.

Walker cites *Steelman v. State*, 486 N.E.2d 523 (Ind. 1985), for the proposition that the state court would vacate the habitual-offender finding because of a lack of proof of the com-

mission date of the 1989 burglary. But since that time the Indiana Supreme Court has declined to vacate a habitual-offender sentence—in fact it declined even to remand to add the commission date—where a defendant was found to be a habitual offender on a record that lacked evidence of the commission date of one of the prior felonies. *Burnett v. State*, 736 N.E.2d 259, 262 (Ind. 2000) ("Although the better practice is to offer direct evidence of the commission date of the second offense, a reasonable jury could have concluded that Burnett committed his second felony after receiving his sentence for the first" where there was a gap of almost eight years between the sentencing for the first offense and the arrest date for the second offense), overruled on other grounds by *Ludy v. State*, 784 N.E.2d 459 (Ind. 2003); see also *Clark v. State*, 597 N.E.2d 4, 12 (Ind. Ct. App. 1992) (inclusion of arrest and sentencing dates "amply meets the requirement" of proving sequence of prior felonies). Although the state seemed to concede at oral argument that an inference about sequence would be insufficient under Indiana law—a point in Walker's favor—*Clark* and *Burnett* indicate otherwise.

On this record, the inference that the sequence of offenses met the criteria of the habitual-offender statute is strong. The state introduced evidence that Walker committed the 1980 robbery on February 4, 1980, was convicted of it on June 27, 1980, and sentenced on July 25, 1980. It introduced evidence that Walker was charged with the 1989 burglary on March 31, 1989, convicted on June 30, 1989, and sentenced on July 28, 1989. As in *Burnett*, the long gap between the arrest date for the 1989 burglary and the sentencing date for the 1980 robbery—nine years—leaves little doubt that the burglary occurred after the robbery and Walker's subsequent sentencing. It is unlikely that, had Pagos raised the issue of the missing

commission date, the state court would have given Walker a new trial. The court might not even have deemed it necessary to reopen the case for admission of evidence.

Second, Walker's argument rests on a misunderstanding of double jeopardy law. He asserts that in a habitual-offender case, the sequence of felonies is a fact that must be found by a jury, and therefore that it would violate the Double Jeopardy Clause to remand for retrial. See U.S. CONST., amend. V (double jeopardy clause); *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (applying the Double Jeopardy Clause to the states via the Fourteenth Amendment). It is true that double jeopardy precludes the state from re-trying a case that is reversed based on insufficiency of the evidence to prove the crime. *Burks v. United States*, 437 U.S. 1, 17–18 (1978). But a conviction for a crime is different from a jury finding that a defendant is a habitual offender. *United States v. Monge*, 524 U.S. 721 (1998), holds that the Double Jeopardy Clause does not preclude re-trial of sentencing issues in noncapital cases. Following *Monge*, the Indiana Supreme Court stated in 2005 that earlier Indiana court decisions barring re-trial of habitual-offender status findings that had been set aside on appeal for insufficient evidence were no longer good law. *Jaramillo v. State*, 823 N.E.2d 1187, 1191 (Ind. 2005); see also *Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012).

Walker argues that the *fact* of a prior conviction, which the Supreme Court held need not be found by a jury in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is different from the *sequence* of prior convictions. We do not see why. Double jeopardy would not have barred the Indiana Court of Appeals from remanding his case to introduce the commission date of the 1989 burglary. See *Monge*, 524 U.S. 721.

Walker's conjectural argument—that, had Pagos raised the habitual-offender sequencing issue and the Court of Appeals remanded to the trial court, the prosecutor might have declined to re-try it, or Walker might have put on a better defense—is not strong enough to demonstrate a "reasonable shot" at a different outcome. There was no prejudice from Pagos's failure to raise the issue.

### III

Because Walker cannot demonstrate that the Indiana Court of Appeals rendered a decision that constituted an unreasonable application of federal law in finding adequate performance by his appellate counsel, and because Walker was not prejudiced by any misstep counsel may have made, we AFFIRM the judgment of the district court.