## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2020, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Wayne Dilden III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 22, 2020 <br><br> Court of Appeals Case No. 20A-CR-111 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Randy J. Williams, Judge <br><br> Trial Court Cause No. 79D01-1901-F2-5 |

**May, Judge.**

[1]     Robert Wayne Dilden III appeals his adjudication as a habitual offender.[1] Dilden argues the State did not present sufficient evidence to support the adjudication because the State did not provide certified copies to prove his prior convictions, and Dilden asks that we vacate his adjudication without remanding for a new trial on the issue. The State concedes the evidence was insufficient and asks that we remand for a new trial on the habitual offender adjudication. We reverse Dilden's adjudication and remand for a new trial to determine whether Dilden is a habitual offender.

## Facts and Procedural History

[2]     The facts here are undisputed. On January 25, 2019, the State charged Dilden with Level 2 felony dealing in methamphetamine[2] and Level 3 felony possession of methamphetamine.[3] The State also alleged Dilden was a habitual offender. On November 19, 2019, the State amended the charging information to reduce the Level 3 felony possession charge to Level 4 felony possession of methamphetamine[4] and added a charge of Level 6 felony possession of a narcotic drug.[5]

---

[1] Ind. Code § 35-50-2-8(b).

[2] Ind. Code § 35-48-4-1.1(e).

[3] Ind. Code § 35-48-4-6.1(d).

[4] Ind. Code § 35-48-4-6.1(c).

[5] Ind. Code § 35-48-4-6(a).

[3] On December 3-4, 2019, the trial court held a jury trial, and the jury returned guilty verdicts for all three felony charges. In the second phase of the trial, the jury was asked to decide whether Dilden was a habitual offender. In the charging information, the State alleged Dilden was a habitual offender because he had "accumulated at least two (2) prior unrelated felony convictions, and at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony[.]" (App. Vol. II at 130.) At trial, the State attempted to admit Exhibit 17, which was a certified copy of Dilden's conviction of Class C felony operating a motor vehicle while his driving privileges were forfeited for life. Dilden objected, arguing the State had not laid a proper foundation and the State had not provided Dilden with copies of the documents as part of discovery. The trial court sustained Dilden's objection, telling the State, "but you still have your witness." (Tr. Vol. II at 124.)

[4] The State then presented testimony from Christopher Brophy, who had supervised Dilden while he was on probation for the Class C felony conviction. Brophy testified he was aware that Dilden's criminal history included a conviction for "operating a vehicle as a habitual traffic violator" and Class D felony theft. (*Id*. at 129.) Based thereon, the jury found Dilden to be a habitual offender and the trial court adjudicated him as such. After a sentencing hearing, the trial court sentenced Dilden to eighteen years for dealing in methamphetamine and one year for possession of methamphetamine, to be served consecutive to each other. The trial court then enhanced Dilden's

sentence by six years based on his habitual offender adjudication, for an aggregate sentence of twenty-five years.

# Discussion and Decision

When presenting evidence to prove a habitual offender adjudication, the State must provide certified records of the prior convictions, "in the absence of a showing of the unavailability of the proper certified records." *Morgan v. State*, 440 N.E.2d 1087, 1090 (Ind. 1982). Parol evidence, such as testimony from a party with knowledge of the records' existence or the defendant's criminal history, by itself is insufficient. *Davis v. State*, 493 N.E.2d 167, 168 (Ind. 1986). The State concedes it did not prove Dilden was a habitual offender because it did not present sufficient evidence of his past convictions.

At issue is whether we should vacate Dilden's habitual offender adjudication or remand for Dilden to be retried as to the habitual offender charge. Dilden argues we should vacate his habitual offender adjudication and not allow the State to retry him. Dilden relies on *Nunley v. State*, 995 N.E.2d 718 (Ind. Ct. App. 2013), *clarified on reh'g* 4 N.E.3d 669 (Ind. Ct. App. 2013), *trans. denied*, in which a panel of our court vacated Nunley's habitual offender adjudication and did not remand for retrial. In *Nunley*, the State failed to allege Nunley was a habitual offender within the time limit required by Indiana Code section 35-34-1-5 for an amendment to the charging information. Thus, our Court reasoned on rehearing:

> Because the State's original habitual offender allegation failed to list appropriate predicate offenses, there would be nothing to address on remand without an amendment to the allegation. Were we to remand now and allow the State to amend its original allegation, Indiana Code section 35-34-1-5 and its timing requirements would be rendered pointless.

*Id*. at 670.[6] *Nunley* is inapposite, because the issue in *Nunley* was not the sufficiency of the evidence to prove Nunley was a habitual offender, it was the fact that Nunley had not been given sufficient notice that the State was pursuing a habitual offender allegation against him.

[7] Instead, we rely on *Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012), which has facts almost identical to those before us. In *Dexter*, the State did not provide certified documentary evidence of one of Dexter's prior convictions to support his adjudication as a habitual offender. *Id*. at 237. Our Indiana Supreme Court held such evidence was insufficient to prove Dexter was a habitual offender:

> For almost 30 years, this Court has held that the State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior

---

[6] Dilden also argues that, since the State did not comply with the trial court's discovery order and attempted to admit evidence that the defense had not yet seen, we should not remand because doing so "would undermine the trial court's inherent authority to control trial proceedings and, where appropriate, to issue reasonable sanctions." (Br. of Appellant at 11.) To support his argument, Dilden cites *Allied Prop. & Cas. Ins. v. Good*, 919 N.E.2d 144 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*, in which a panel of our court held sanctions were appropriate when Allied violated a motion in limine, which prompted a mistrial. *Id*. at 156. Dilden does not indicate how the facts in Allied are aligned with the facts here. While we agree that the State should be more careful to ensure that the defense is given all documents required through discovery, *Dexter v. State*, 959 N.E.2d 235 (Ind. 2012), dictates the appropriate remedy here, which as we explain further herein is remand for a new trial on the State's allegation that Dilden is a habitual offender.

convictions. In the absence of a showing by the State that such records are unavailable, parol evidence alone is not sufficient to prove the fact of prior convictions. Even though additional supporting evidence is required to prove the identity of the defendant and may be required to prove the proper sequence of the felony convictions, proper[ly] certified and authenticated documentary evidence is required to establish that the prior convictions in fact occurred.

*Id*. at 238 (internal citations omitted).

[8] Our Indiana Supreme Court then moved to Dexter's argument that "the State may not seek to have him sentenced as a habitual offender because it presented insufficient evidence the first time around." *Id*. at 240. The Court disagreed, concluding Double Jeopardy did not prohibit the State from retrying Dexter for the habitual offender enhancement:

> [R]etrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence. *See Monge v. California*, 524 U.S. 721, 727-34, 118 S. Ct. 2246, 141 L.Ed.2d 615 (1998); *Jaramillo v. State*, 823 N.E.2d 1187, 1191 (Ind. 2005), *cert. denied*, 546 U.S. 1030, 126 S. Ct. 730, 163 L.Ed.2d 568 (2005). In *Jaramillo*, we acknowledged that Justice Scalia's dissent in *Monge* foreshadowed the Supreme Court's watershed decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), yet we rejected the defendant's argument that *Apprendi* implicitly overruled *Monge*. *Jaramillo*, 823 N.E.2d at 1189-90. In *Apprendi*, the Court discussed *Monge* without suggesting that it was no longer good law, *id*. at 1189 (citing *Apprendi*, 530 U.S. at 488 n.14, 120 S. Ct. 2348), and, since *Apprendi*, the Court has cited *Monge* for the principle "that the 'Double Jeopardy Clause does not preclude retrial on a prior

conviction used to support recidivist enhancement,'" *id*. (quoting *Dretke v. Haley*, 541 U.S. 386, 395, 124 S. Ct. 1847, 158 L.Ed.2d 659 (2004)). We see no reason to revisit our holding in *Jaramillo* at this time.

*Id*.

[9] The facts here are virtually identical. The State concedes it did not present sufficient documentary evidence of Dilden's prior convictions. Thus, based on the holding in *Dexter*, the State may retry Dilden regarding whether the habitual offender enhancement should apply to him.

# Conclusion

[10] The State concedes it did not present sufficient evidence that Dilden was a habitual offender and therefore we vacate Dilden's habitual offender adjudication. However, the State may retry Dilden as a habitual offender and thus we remand. Should the trial court adjudicate Dilden as a habitual offender, we remind the court to explicitly state which conviction's sentence is being enhanced.

[11] Reversed and remanded.

Robb, J., and Vaidik, J., concur.