## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2018, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

John Stanley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 16, 2018

Court of Appeals Case No.
89A04-1708-CR-1790

Appeal from the Wayne Circuit Court

The Honorable David A. Kolger, Judge

Trial Court Cause No.
89C01-1608-F6-359

**Najam, Judge.**

# Statement of the Case

John Stanley appeals his habitual offender adjudication following a bifurcated jury trial. Stanley raises one dispositive issue for our review, which we restate as whether Indiana law required the State to prove that Stanley was a habitual offender by showing that not more than ten years have elapsed between the time he was released from imprisonment, probation, or parole for each of the three prior felony offenses and his present offense.

We reverse and remand with instructions.

# Facts and Procedural History

On November 7, 2015, Stanley approached the home of Donna Snyder, a 71-year-old widow, and asked if she had any work she needed done on her home. Snyder decided to hire Stanley to coat her tin roof and install siding on her garage. Snyder and Stanley entered into a contract. Snyder paid Stanley a deposit of fifty dollars. Stanley worked on a section of her roof and then told Snyder that he needed two hundred dollars to buy more paint. After Snyder gave Stanley the money, Stanley left. Stanley never returned, and he never completed the work on her home. Snyder attempted to contact Stanley several times using the telephone number that he left on the contract, but she was unable to reach him. Snyder then called the police.

On August 31, 2016, the State charged Stanley with one count of home improvement fraud, as a Level 6 felony. On March 28, 2017, the State filed an amended habitual offender sentencing enhancement. The trial court held a

bifurcated jury trial on April 4 and 5. After the first phase of the trial, the jury found him guilty as charged, and the trial court entered judgment of conviction accordingly.[1]

[5] During the second phase of the trial, the State presented evidence that Stanley had been convicted of four prior unrelated felonies: home improvement fraud, as a Class C felony, in 1999; home improvement fraud, as a Class D felony, in 2004; theft, as a Class D felony, in 2004; and home improvement fraud, as a Class D felony, in 2011.

[6] After the State presented its evidence during the second phase of the trial, Stanley moved for a judgment on the evidence on the grounds that the State's evidence did not show that he had been released from his sentences for all three of the required prior unrelated felonies within the last ten years, which the trial court denied. The jury found, and the trial court adjudicated, Stanley to be a habitual offender. The trial court sentenced Stanley to a sentence of two and one-half years in the Indiana Department of Correction for the conviction for home improvement fraud, which the court enhanced by five and one-half years under the habitual offender statute. This appeal ensued.

---

[1] Stanley does not challenge his conviction for home improvement fraud, as a Level 6 felony.

# Discussion and Decision

Stanley asks us to interpret Indiana's habitual offender statute. Indiana's habitual offender statute at the time Stanley committed the present offense provided as follows:

> (d) A person convicted of a felony offense is a habitual offender if the state proves beyond a reasonable doubt that:
>
> (1) the person has been convicted of three (3) prior unrelated felonies; and
>
> (2) if the person is alleged to have committed a prior unrelated:
>
> > (A) Level 5 felony;
> >
> > (B) Level 6 felony;
> >
> > (C) Class C felony; or
> >
> > (D) Class D felony;
>
> not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

Ind. Code § 35-50-2-8 (2015).[2]

[8] Stanley contends that, in order for the State to prove that a person is a habitual offender under that statute, not more than ten years can have elapsed between a person's release from his sentence for each of the three required prior felony convictions and the present offense. The State asserts that the statute only requires an offender to have been released from his sentence in the last ten years for one of those prior felonies.

[9] The Indiana Supreme Court recently resolved this issue in *Johnson v. State*, --- N.E.3d---, No. 32S05-1707-CR-469, 2017 WL 6523525 (Ind. Dec. 21, 2017).[3] In that case, our Supreme Court held that "each lower-level felony—namely a Level 5, Level 6, Class C, or Class D felony—the State uses to establish subsection 8(d)(1) must meet the ten-year requirement found in subsection 8(d)(2)." *Id*. at *2.

[10] Here, the jury found that Stanley had been convicted of three prior unrelated felonies: home improvement fraud, as a Class C felony, in 1999; home improvement fraud, as a Class D felony, in 2004; and home improvement

---

[2] The Indiana General Assembly has since amended the habitual offender statute. The statute now provides that, if the person is alleged to have committed a prior unrelated Level 5 felony, Level 6 felony, Class C felony, or Class D felony, "not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) *for at least one (1) of the three (3) prior unrelated felonies* and the time the person committed the current offense." I.C. § 35-50-2-8(d) (2017) (emphasis added). However, there is no dispute that the 2015 version applies to Stanley.

[3] The trial court held the jury trial on April 4 and 5, 2017. The Indiana Supreme Court decided *Johnson v. State* on December 21, 2017, while this case was on appeal. As such, neither the parties nor the trial court had the guidance of the *Johnson* opinion on the habitual offender statute during the trial proceedings.

fraud, as a Class D felony, in 2011. All three of those felonies were lower-level felonies. As such, based on our Supreme Court's holding in *Johnson*, the State was required to prove that not more than ten years have elapsed between Stanley's release from imprisonment, probation, or parole for all three of those prior felony offenses and the present offense. *Id.*

Stanley contends, and the State does not disagree, that "[t]here is no dispute" that Stanley was released from imprisonment, probation, or parole for his conviction of home improvement fraud in 1999 "more than ten (10) years prior to November 7, 2015." Appellant's Br. at 11. And our review of the record on appeal does not show that the State presented evidence of Stanley's release dates to the jury. Therefore, the State did not prove that he was released from his sentence for all three prior unrelated felonies within ten years of the current offense, as required by our Supreme Court's interpretation of the habitual offender statute in *Johnson*. Thus, we reverse Stanley's habitual offender enhancement and remand for a retrial on that enhancement. *See Calvin v. State*, ---N.E.3d---, No. 02S03-1709-CR-611, 2017 WL 6524663 (Ind. Dec. 21, 2017) ("'[R]etrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence.'" *Id*. at *4 (quoting *Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012))).

Reversed and remanded with instructions.

Mathias, J., and Barnes, J., concur.