## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2019, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Talisha R. Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Durrand Anthony Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2019

Court of Appeals Case No.
19A-CR-1362

Appeal from the
Marion Superior Court

The Honorable
William J. Nelson, Judge

Trial Court Cause No.
49G18-1805-F6-14428

**Kirsch, Judge.**

[1] Durrand Anthony Jones ("Jones") was convicted of resisting law enforcement by flight,[1] a Class A misdemeanor, and public intoxication,[2] a Class B misdemeanor. On appeal, he contends that the evidence was insufficient for his public intoxication conviction because there was no evidence he was intoxicated from a controlled substance or alcohol.[3]

[2] We reverse and remand.

## Facts and Procedural History

[3] On May 1, 2018, an unidentified person called dispatch for the Indianapolis Metropolitan Police Department ("IMPD") and requested a welfare check on a man who was "staggering in and out of traffic falling down" near the intersection of Fairfield Avenue and College Avenue in Indianapolis. *Tr. Vol. II* at 9. A search was commenced by three IMPD officers who were on duty at the time: Officer Jeremiah Heckel ("Officer Heckel"); Officer Robert Cosler ("Officer Cosler"); and Officer Richard Faulkner ("Officer Faulkner"). *Id.* at 5, 9, 15. Officer Heckel spotted Jones and observed him stumble over a curb, trip into the street, and barely avoid being struck by a passing vehicle. *Id.* at 13.

[4] Based on this stumble, and because from a distance Jones's eyes appeared to be "wide open and glossy," Officer Heckel approached Jones. *Id.* at 10. Jones,

---

[1] *See* Ind. Code § 35-44.1-3-1(a)(3).

[2] *See* Ind. Code § 7.1-5-1-3(a).

[3] Jones does not challenge his conviction for resisting law enforcement by flight.

meanwhile, was feeling the effects of recently smoking "K." *Id*. at 20-21. Officer Heckel asked whether he could talk with Jones. *Id*. Jones declined Officer Heckel's request and continued walking. *Id.* at 10. Officer Heckel continued to ask if he could talk with Jones, and Jones continued to deny this request. *Id*. When Jones had crossed the street, Officer Heckel caught up to Jones and grabbed his wrist to detain Jones. *Id*. Jones fought back by "forcibly jerk[ing] his arm away" and beginning to run. *Id*.

[5] Meanwhile, Officer Cosler had approached Jones and Officer Heckel when they had begun to struggle. *Id.* at 15. Once Jones started running, Officer Cosler tackled him, and Jones and Officer Cosler began fighting. *Id*. at 15-16. During this fight, Officer Faulkner arrived. *Id.* at 16. He sprayed Jones with pepper spray, "delivered three knee strikes" to the left side of Jones's body, and then all three officers subdued Jones. *Id*.

[6] On May 3, 2018, the State charged Jones with Count I, Level 6 felony resisting law enforcement; Count II, Class A misdemeanor resisting law enforcement by flight; and Count III, Class B misdemeanor public intoxication. *Appellant's App. Vol. II* at 15. On May 15, 2019, the trial court held a bench trial after which Jones was found guilty of Class A misdemeanor resisting law enforcement by flight and Class B misdemeanor public intoxication. *Id.* at 11. The trial court imposed concurrent sentences of one year for Jones's resisting law enforcement conviction and 180 days for his public intoxication conviction, with all time suspended except for time Jones had already served. *Id.* Jones now appeals.

## Discussion and Decision

[7] Jones claims there was insufficient evidence to support his public intoxication conviction because there was no evidence he was intoxicated from alcohol or a controlled substance. When we review the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we will affirm a conviction if we find that any reasonable factfinder could find a defendant guilty beyond a reasonable doubt when considering all the facts and inferences that favor the conviction. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The evidence need not exclude every reasonable hypothesis of innocence, but it must support a reasonable inference of guilt to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[8] To obtain a conviction for Class B misdemeanor public intoxication, the State was required to show, *inter alia*, that Jones was in a public place in a state of intoxication caused by Jones's "use of alcohol or a controlled substance . . . ." Ind. Code § 7.1-5-1-3(a). A controlled substance is "a drug, substance, or immediate precursor in schedule I, II, III, IV, or V under: (1) IC 35-48-2-4, IC 35-48-2-6, IC 35-48-2-8, IC 35-48-2-10, or IC 35-48-2-12, if IC 35-48-2-14 does not apply . . . ." Ind. Code § 35-48-1-9.

[9] Jones claims there was no evidence that he was in a state of intoxication caused by a controlled substance. He correctly observes that, at most, the evidence shows that he was high on "K" during his encounter with the three officers. *Tr.*

*Vol. II* at 19-22. However, neither the testimony of Jones nor that of the officers identified what "K" was, and no one testified that "K" was a controlled substance. Moreover, "K" is not identified as a "controlled substance" under the statutes that define that term. *See* I.C. § 35-48-1-9; I.C. § 35-48-2-4; I.C. § 35-48-2-6; I.C. § 35-48-2-8; I.C. § 35-48-2-10; I.C. § 35-48-2-12; and I.C. § 35-48-2-14. Notably, the State does not argue that "K" is a controlled substance, and even concedes that when Jones admitted to being high on "K," Jones was likely referring to a different, unrelated case.

[10] The State goes even further by conceding the evidence was insufficient to show that Jones was intoxicated by *any* substance, whether a controlled substance or alcohol. More specifically, the State admits: 1) the only evidence of intoxication came from Officer Faulkner's testimony about the call from IMPD dispatch that a man was staggering into traffic and from Officer Heckel's testimony that he approached Jones because his eyes, from a distance, looked glossy and because he saw Jones stumble *once* into the street; and 2) even though all three officers closely encountered Jones during their fight with him, none testified that they saw any signs of intoxication or smelled any odors indicating intoxication. *Tr. Vol. II* at 4-18. The State concludes, "Jones's one stumble is not sufficient to prove Jones was intoxicated." *Appellee's Br.* at 8.

[11] Thus, the State failed to present sufficient evidence that Jones was in a public place in a state of intoxication caused by either a controlled substance or alcohol, so we reverse Jones's conviction for public intoxication and remand to the trial court to vacate Jones's conviction. *See* I.C. § 35-48-1-9. Because we

reverse Jones's conviction for insufficient evidence, the State may not retry Jones on this charge.  "[T]he Double Jeopardy Clause bars retrial when the defendant's conviction is reversed due to insufficient evidence because such a reversal is tantamount to an acquittal." *Dexter v. State*, 959 N.E.2d 235, 240 (Ind. 2012) (citing *Burks v. United States,* 437 U.S. 1, 16-17 (1978)).

[12]     Reversed and remanded.

Baker, J., and Crone, J., concur.